EDER, RESPONDENT, *v.* CROWN BUTTE CANAL &
RESERVOIR CO., APPELLANT.

(No. 3,426.)

(Submitted November 10, 1914.   Decided December 16, 1914.)

[145 Pac. 1.]

*Appeal and Error—Complaint—Sufficiency—Conflict in Evidence—Verdict—Conclusiveness.*

Appeal and Error—Complaint—Sufficiency—Review.
   1.  As against the general objection, made for the first time on appeal, that the complaint in an action for damages to agricultural land because of the negligent construction, maintenance and operation of an irrigating canal, did not state a cause of action, the pleading *held* sufficiently specific to support a judgment for plaintiff.

Same—Conflict in Evidence—Verdict—Conclusiveness.
   2.  Where the evidence on every issue involved was conflicting, the verdict of the jury, approved by the lower court by its action in denying a retrial, will not be disturbed on appeal under an assignment that the evidence was insufficient to support it.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by Sophia Eder against the Crown Butte Canal & Reservoir Company.   Judgment for the plaintiff, and defendant appeals from it and an order denying a new trial.   Affirmed.

*Mr. Massena Bullard,* for Appellant, submitted a brief and argued the cause orally.

For Respondent, there was a brief by *Messrs. W. C. Packer* and *A. P. Heywood,* and oral argument by *Mr. Packer.*

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

In this action the plaintiff recovered a judgment for damages for injury alleged to have been caused to her agricultural lands by water escaping by seepage from defendant's irrigation canal which passes over said lands, and by overflow water from a spillway in the canal.   The canal was constructed by the defendant

to divert water from Sun river to irrigate lands lying along the south side of the river in Lewis and Clark county. The lands in controversy lie between the river and the canal. It is alleged that the injury suffered by plaintiff was due to the negligence of the defendant in the construction, maintenance and operation of the canal, whereby the water escaping therefrom has rendered a large portion of her lands so wet and swampy as to be unfit for cultivation. The defendant has appealed from the judgment and an order denying its motion for a new trial. Of the several assignments of error in his brief, counsel has argued only two, *viz.*, that the complaint does not state a cause of action, and that the evidence is insufficient to justify the verdict.

It is said that the plaintiff's right of recovery is predicated [1] upon negligence which she has not alleged. The sufficiency of the complaint was not tested in the trial court by demurrer or other appropriate method. If it be conceded that the allegations imputing negligence to the defendant are not as direct and definite as they might have been, they are sufficient as against a general objection, made in this court for the first time, to support the judgment.

The transcript of the evidence is voluminous. It would serve [2] no useful purpose to set it forth at length and enter upon an analysis of it. Having made an attentive study of it, we find that it presents a sharp conflict upon every issue involved. This is particularly true of that portion of it tending to show the condition of the plaintiff's lands, by way of comparison before and after the construction of the canal. There was a direct conflict in the testimony of the witnesses upon this subject. This is true, in equal measure, of the testimony upon the question whether the defendant so constructed the canal as to guard the plaintiff's lands from injury from it by water escaping, either by seepage or overflow from it, and has since used due care to maintain it in that condition. The evidence as to the damages is not so definite as it might have been; but, upon the assumption that the plaintiff made out a *prima facie* case of damage

caused by defendant's negligent maintenance and operation of its canal, the amount of the verdict is well within the estimates of the different witnesses. This being the condition presented by the evidence, it was the exclusive province of the jury to determine the issues, subject to discretionary review of its conclusion by the trial judge on motion for a new trial. As has been so often said, with the result thus reached, this court may not interfere.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.