O'NEIL ET AL., RESPONDENTS, *v.* CHRISTIAN ET AL., APPELLANTS.

(No. 4,402.)

(Submitted June 6, 1921. Decided June 27, 1921.)

[199 Pac. 706.]

*Negligence—Machinery—Proximate Cause of Injury—Complaint—Insufficiency—Measure of Defendant's Duty—Erroneous Instruction—Evidence—Cross-examination.*

Negligence—Proximate Cause of Injury—Complaint must Allege—Exception to Rule.
  1. Since negligence does not give rise to a cause of action unless it was the proximate cause of injury, the complaint must disclose the causal connection between the acts of negligence alleged and the injury suffered, unless such connection is necessarily inferred from the facts stated, in which event a specific allegation to that effect may be dispensed with.

Same—Causal Connection Between Negligence and Injury—Complaint—Insufficiency.

    2.  Complaint in an action to recover damages for grain burned in the stack due to alleged negligence in the person doing the threshing, *held* insufficient to show a causal connection between the negligence and the burning; *held*, further, that the contention that from the allegations that the threshing-engine had been placed to the windward of the stacks of grain, that the smokestack thereon was old and worn, that, if a spark-arrester was used, it was in the same condition and full of holes, that coal of inferior quality was used by defendant, that the engine was in charge of an unlicensed and incompetent engineer, *etc.*, it was a necessary inference that fire was emitted from the engine and communicated to the grain stacks, and that for that reason a direct allegation as to causal connection was not required, under the above rule, is untenable.

Same—Exoneration—Cross-examination—Improper Exclusion.

    3.  Plaintiff having testified that the threshing-machine engine, sparks from which were alleged to have set his grain stacks on fire, had been placed to the windward of the stacks by defendant, refusal to permit the latter to testify on cross-examination that the engine had been placed where it was by direction of plaintiff over defendant's objection that it was dangerous, was error.

Same—Condition of Machinery—Ordinary Care—Erroneous Instruction.

    4.  Since the measure of defendant's duty was to exercise only ordinary care to provide a threshing-machine engine in a reasonably safe condition and to exercise the same care to maintain it in that condition, it was gross error to instruct the jury that an engine in a reasonably safe condition means one which combines the greatest safety with practical use, inasmuch as only an engine mechanically perfect could meet such requirement.

*Appeal from District Court, Hill County; W. B. Rhoades, Judge.*

ACTION by Michael O'Neil and another against T. L. Christian and another.  Judgment for plaintiffs, and defendants appeal from an order denying them a new trial.  Reversed.

*Mr. D. L. Blackstone* and *Messrs. Norris & Hurd,* for Appellants, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

*Mr. A. F. Lamey* and *Mr. L. V. Beaulieu,* for Respondents, submitted a brief; *Mr. Lamey* argued the cause orally.

To state a cause of action for damages resulting from negligence, it is necessary that the complaint disclose the duty, the breach and the resulting damages.  (*Fusselman* v. *Yellowstone Valley L. & I. Co.,* 53 Mont. 254, Ann. Cas. 1918B, 420, 163

Pac. 473.)    The complaint informed the appellants in a concise and terse manner as to what they would be required to meet, and we contend that it stated a good cause of action for damages in negligence.    (*Pullen* v. *City of Butte,* 38 Mont. 194, 21 L. R. A. (n. s.) 42, 99 Pac. 290; *Forquer* v. *North,* 42 Mont. 272, 112 Pac. 439; *Hoskins* v. *Northern Pacific Ry. Co.,* 39 Mont. 394, 102 Pac. 988.)    If we had gone further in our complaint ·and alleged in detail the kind of spark-arrester which we thought should have been used, the size of the engine, the kind of smokestack and so forth, we would have pleaded evidence and conclusions.    In short, it would have been surplusage.

We are mindful of the rule in this state which permits negligence to be charged in general terms, but we submit that it is a rule of permission and not of compulsion.    To the objection that there is no allegation of causal connection between the alleged negligence of the appellants and the happening of the fire, we contend that in paragraph 8 of the complaint there is a direct allegation to the effect that the omissions of the plaintiffs caused the fire and damage, and we further contend that no specific allegations are necessary, since from the facts stated in the complaint the causal connection must necessarily be inferred.    (*Allen* v. *Bear Creek Coal Co.,* 43 Mont. 269, 115 Pac. 673.)

In the face of the testimony of witness O'Neil to the effect that he did not tell the operator of the engine where he wanted it spotted, the appellants made offer to prove by the witness on cross-examination that it was under the instruction of O.'Neil that the engine was spotted and placed where it was. That at the time the engine was so spotted and placed where it was, one of the appellants, Harry Christian, informed O'Neil that under the conditions it was very dangerous to thresh the grain from where the engine was spotted; that witness O'Neil insisted on having the engine remain where it was and said that he would assume all liability for any fire.    Plainly and obviously this was an attempt to prove by cross-examination

of respondents' witness O'Neil the affirmative defense of contributory negligence. That this practice is not permitted in this state is beyond question. (*Davis* v. *Morgan*, 19 Mont. 141, 47 Pac. 793; *Borden* v. *Lynch*, 34 Mont. 503, 87 Pac. 609; *Shandy* v. *McDonald*, 38 Mont. 393, 100 Pac. 203.)

Assuming that the court erred in refusing the offer, we contend that the error was harmless in that it has been held that the fact that the engine was placed in a position suggested by the owner of the grain, although dangerous, does not necessarily show carelessness on the part of the owner of the grain. (*Richardson* v. *Douglas*, 100 Iowa, 239, 69 N. W. 530.)

With reference to the instruction relating to defendants' liability, we do not find any decision in this state directly in point, but in 1 Thompson on Negligence, 741, the rule with reference to the requirements of an operator of a steam-threshing outfit is stated as follows: "It has been well reasoned that an owner of a steam-threshing machine is bound to use reasonable means and efforts and furnish good and well-constructed machinery and a proper spark-arrester, combining the greatest safety with practical use." The purpose of this instruction was to inform the jury that it was not incumbent upon the respondents to inspect the defendants' engine when it was brought upon their premises and that respondents had a right to assume that the engine was in a certain condition of repair. Appellants complain that this instruction required that the engine be in the condition of "greatest safety." A reasonable construction of the instruction does not warrant appellants' conclusion, for the words "greatest safety" are modified by the further words, "to exercise reasonable means and efforts to have the engine in reasonably safe condition, combining the greatest safety with practical use."

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover damages for the destruction of personal property. In the complaint it is alleged that

plaintiffs owned certain stacks of grain ready to be threshed, and that defendants owned a steam threshing outfit and were employed to thresh for plaintiffs; that at the time the threshing-machine was brought upon plaintiffs' premises a strong wind was blowing from the southwest; that defendants placed the engine in a southwesterly direction from the separator and grain stacks; that the engine was in charge of an unlicensed and incompetent engineer; that an inferior quality of coal was used in the engine by the defendants; that the engine was of insufficient capacity properly to operate the separator; that the smokestack of the engine was old, worn and perforated with large holes, and, if a spark-arrester was used, it, too, was old, worn and full of holes, and of an inferior grade and design; that all of these facts were known to the defendants, or in the exercise of ordinary care should have been known to them; that sparks, lighted embers, and burning coals were emitted from the engine and carried on to the stacks of grain, igniting and burning six of them, of the value of $1,500. Paragraph 8 of the complaint reads as follows: "That the said fire and damage was due to the failure of the defendants to provide a proper and ample steam-engine to propel the said separator with ease and normal pull, and the failure of the said defendants to carefully and properly equip, inspect, and operate, and cause the said engine to be equipped, inspected, and operated in a careful, proper, and prudent manner."

The answer denies any negligence on the part of the defendants, and attempts, but fails, to plead contributory negligence. The trial resulted in a verdict and judgment for plaintiffs, and defendants appealed from an order denying them a new trial.

1. The sufficiency of the complaint was challenged by an objec-
[1] tion to the introduction of any evidence. It is elementary that negligence does not give rise to a cause of action, unless it is the proximate cause of injury. (*Pure Oil Co. v. Chicago etc. Ry. Co.*, 56 Mont. 266, 185 Pac. 150), and that, to make out a case, the complaint must disclose, among other

[60 Mont. 460.]

things, the causal connection between the acts of negligence alleged and the injury suffered (*Stones* v. *Chicago etc. Ry. Co.*, 59 Mont. 342, 197 Pac. 252). Counsel for plaintiffs recognize these rules, but insist that they are met by the allegations of paragraph 8 above, or, if not, that plaintiffs bring themselves within the rules, under the interpretation given in *Allen* v. *Bear Creek Coal Co.*, 43 Mont. 269, 115 Pac. 673; that, if the causal connection is necessarily inferred from the facts stated, a specific allegation disclosing the causal connection may be dispensed with. Paragraph 8 is nothing more than a summary of the preceding allegations relating to negligence. It does not add anything to what is theretofore stated, and, if the complaint is not sufficient otherwise, it is not aided by the addition of this paragraph.

We approve the interpretation of the rules first adverted to, as stated in *Allen* v. *Bear Creek Coal Co.;* but a casual reading of the complaint involved in that case will disclose the reason for the conclusion reached by this court that it was sufficient. From the facts therein specifically averred, the inference was compelled that the want of timber in room No. 13 caused the loose rock in the roof to fall upon plaintiff, pro-[2] ducing the injuries of which complaint was made. But can it be said to be a necessary inference that the fire was emitted from this engine and communicated to the grain stacks, from the fact that the engine was placed in the position which it occupied, or from the fact that the engine was in charge of an unlicensed and incompetent engineer, or from the fact that an inferior quality of coal was used, or from the fact that the engine did not have ample power to properly operate the separator, or from the fact that the smokestack and spark-arrester were defective and full of holes, or from all of these facts combined? Clearly not. Just what relationship any one or all of them bore to the ultimate fact that the fire was emitted from the engine and communicated to the grain does not appear. The objection to the introduction of evidence should have been sustained.

2. In his direct examination, plaintiff O'Neil, testifying in [3] behalf of the plaintiffs, stated that defendant Harry Christian located the engine with reference to the separator and grain stacks. On cross-examination he was asked: ''Who caused the engine and separator to be set where they were when the grain was first threshed on your place?'' An objection by counsel for plaintiffs was sustained, and defendants thereupon made an offer to prove by the witness that the engine was placed in the position which it occupied by direction of plaintiff O'Neil over the protest and objection of defendant Harry Christian that it was dangerous, on account of the fact that the wind was blowing in the direction from the engine to the grain stacks, and that O'Neil then stated that he would assume all the risk of sparks or fire being blown upon the grain stacks. The offer was refused, and error is predicated upon the ruling. We are unable to understand the theory upon which the trial court proceeded in excluding this evidence. It was proper cross-examination, and if defendants could prove by the witness the facts incorporated in their offer of proof—and for the purposes of this appeal it must be assumed that they could do so—then it would follow that, so far as the particular charge of negligence based upon the position occupied by the engine is concerned, defendants would have been fully exonerated. It is elementary that no one can complain of the consequences of his own wrongful act. We do not hold that it was necessary for defendants to make an offer of proof under the circumstances; but, having made it and thereby disclosed the relevancy and materiality of the evidence sought to be adduced, it was error for the court to exclude it.

3. Over the objection of defendants, the trial court gave [4] instruction No. 10, as follows: ''The court further instructs you that it was not incumbent upon the plaintiffs to inspect the defendants' engine when it was brought upon their premises, and that plaintiffs had a right to assume that defendants had exercised reasonable means and efforts to have

the engine in a reasonably safe condition, combining the greatest safety with practical use.''

The vice of the instruction consists in the addition of the last clause. The measure of defendants' duty was to exercise ordinary care to provide an engine in a reasonably safe condition and to exercise ordinary care to maintain it in that condition. (29 Cyc. 462.) But it was gross error to instruct the jury that an engine in a reasonably safe condition means one which combines the greatest safety with practical use. Only a machine mechanically perfect could meet this requirement. The giving of this instruction was tantamount to directing a verdict for the plaintiffs. It took from the jury all questions of negligence, and left for determination only the question of damages.

We do not find any merit in the other assignments. For the reasons stated, the order is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.

(Submitted June 6, 1921. Decided June 27, 1921.)