ROBINSON, RESPONDENT, *v.* F. W. WOOLWORTH CO., APPELLANT.

(No. 6,170.)

(Submitted September 26, 1927. Decided November 7, 1927.)

[261 Pac. 253.]

*Personal Injuries—Duty of Storekeepers—Negligence—Complaint—Sufficiency—When Deemed Amended—Jury—Instructions — Nonsuit — Directed Verdict — Defect in Pleading—Waiver.*

Pleading — Ambiguity — Answering After Demurrer Sustained Waives Defect.
    1. By answering after his special demurrer to the complaint on the grounds that the pleading was ambiguous, unintelligible and uncertain had been overruled, defendant waived his objections.
Personal Injuries — Storekeepers — Defect on Premises — Knowledge of Dangerous Condition Implied—Complaint.
    2. The complaint in an action for personal injuries charged to have been caused by slipping on the floor of defendant's store, recently oiled, was not rendered insufficient by failure of allegation

---

1. Other pleading filed as waiver of objection to overruling demurrer, see notes in Ann. Cas. 1913B, 388.
2. Sufficiency of general allegations of negligence, see note in 59 L. R. A. 270. See, also, 20 R. C. L. 175.

that defendant had notice of the dangerous condition of the floor; having created the condition, knowledge thereof on defendant's part may be implied from an averment of his negligence.

Same—Negligence—Complaint—When Sufficient.

3. While the complaint in a personal injury action must state facts upon which the charge of negligence is based and the mere statement that defendant negligently and carelessly did a certain thing would be insufficient, where it alleges in general terms, how the dangerous condition resulting in injury was brought about, the pleader may aver that what was done was negligently done without stating the particular omission which rendered the act negligent.

Same.

4. Complaint charging the floor upon which plaintiff fell was oily and that the oil made it slippery and dangerous for use was not open to the objection that it was insufficient for failure to allege that the oiling was done in an improper manner, since proper oiling would not have made it dangerous.

Same — Complaint — Legal Duty of Storekeeper—When Allegation Unnecessary.

5. Since the law declares that a storekeeper is under the legal duty to keep his premises safe for patrons and to warn them of any hidden or lurking danger thereon, the complaint in an action for injuries received because of a fall on an oily store floor need not allege a legal duty on defendant's part and a breach thereof, under the doctrine that whatever is necessarily implied in or is reasonably to be inferred from an allegation is to be taken as directly averred.

Same — Proximate Cause — Failure to Plead — When Pleading Deemed Amended.

6. To state a cause of action in a personal injury action the proximate cause of the injury must be alleged; however, where, in the absence of such an allegation, plaintiff at the trial is permitted without objection to give testimony as to the proximate cause, the complaint will be deemed amended accordingly and the defect regarded as cured.

Same—Trial—Selection of Jury—Asking of Improper Question—When Nonprejudicial.

7. *Held* that to permit counsel for plaintiff in a personal injury action to ask veniremen on their *voir dire* whether they had any business relations with an indemnity company with which defendant supposedly carried insurance for accidents is error if objection thereto be made when the question is first asked; but that where counsel permitted the question to be answered when first asked, without objection, the action of the court in thereafter overruling objections to like questions asked other veniremen was nonprejudicial.

Same—Nonsuit—What Deemed Proven.

8. On motion for nonsuit, everything plaintiff's evidence tends to prove is deemed proven,—it must be viewed in the light most favorable to plaintiff.

Same—Directed Verdict—When Proper.

9. A directed verdict on motion of defendant in a personal injury action is proper only when the evidence is undisputed or susceptible of but one conclusion, and that in favor of defendant.

---

9. See 26 **R. C. L.** 1067.

Same—Directed Verdict—When Improper.

10. No cause should ever be withdrawn from the jury unless recovery cannot be had upon any view which may reasonably be drawn from the facts which the evidence tends to establish, and on motion for directed verdict by defendant, every fact should be deemed proven which the evidence offered by plaintiff tends to prove.

Evidence—Preponderance not Dependent on Number of Witnesses Testifying.

10a. The preponderance of evidence does not necessarily lie with the party who has the greater number of witnesses.

Appeal—Evidence—Sufficiency—Verdict Based on Conflicting Evidence Conclusive—When not.

11. A verdict based upon sharply conflicting evidence will not be disturbed on appeal if the evidence of the prevailing party is sufficient to justify it, and when a verdict based on such evidence has been approved by the trial court by its refusal to grant a new trial, it is binding on the supreme court, unless the evidence in behalf of respondent is inherently so improbable that it cannot be accepted as true.

Personal Injuries—Storekeepers—Customer may Assume That Premises are Reasonably Safe.

12. A customer in a store is not bound to use the same degree of care to avoid obstacles as is a pedestrian on a sidewalk; he may assume that the premises are reasonably safe, and the question of his due care is one for the jury.

Same—Testimony of Other Like Accidents Admissible.

13. In an action for damages sustained by a fall on an oily floor of a store, testimony that others slipped and fell thereon at times not remote from the day of the accident in question was admissible in the discretion of the trial court, as was also testimony offered by defendant that thousands had visited the premises without being injured, as tending to show their safety.

Same—Earning Capacity of Plaintiff—Erroneous Instruction.

14. *Held,* that error was committed in refusing to give an instruction offered by defendant in a personal injury action in which plaintiff claimed permanent injury and disability, to the effect that plaintiff (a teacher) having failed to produce any evidence as to the difference between her earning capacity prior to the accident and her earning capacity at the time of trial, the jury should not consider her loss of earning capacity in reaching a verdict.

Same—Earning Capacity—Error in Refusing Instruction.

15. Where plaintiff, a teacher, in her complaint alleged that had it not been for the injuries she sustained in the accident complained of she would have continued to teach at a salary of $150 a month but failed to show that she had sought employment as teacher after her injury, refusal to give defendant's offered instruction that in arriving at a verdict the jury, in computing damages, should not allow anything for loss of salary as teacher was error.

Same—Earning Capacity of Plaintiff—Instruction Erroneous as Speculative.

16. An instruction authorizing recovery of damages for loss of wages or compensation plaintiff "might" have earned instead of

10. See 20 R. C. L. 166.

13. Evidence of prior accidents, see notes in 44 Am. Rep. 694; 57 Am. Rep. 812; 32 L. R. A. (n. s.) 219. See, also, 10 R. C. L. 955.

confining it to such as the evidence showed plaintiff "would have earned," was erroneous.

Same—Earnings of Plaintiff Outside of Regular Vocation—Deduction from Loss of Earnings—Inapplicable Instruction.

17.  Where the evidence in a personal injury action did not show that plaintiff earned money at a vocation other than as teacher, her regular profession which she followed prior to the accident, an instruction that if the jury arrive at a verdict in favor of plaintiff they should deduct from loss of earnings whatever she earned at that vocation was unwarranted.

[1]  Pleading, 31 **Cyc.**, p. 747, n. 32.
[2]  Negligence, 29 **Cyc.**, p. 432, n. 4, p. 567, n. 90.
[3]  Negligence, 29 **Cyc.**, p. 567, n. 91, p. 570, n. 21.
[4]  Negligence, 29 **Cyc.**, p. 566, n. 85, 86.
[5]  Negligence, 29 **Cyc.**, p. 466, n. 36.  Pleading, **31 Cyc., p. 48,** n. 61, p. 50, n. 69.
[6]  Negligence, 29 **Cyc.**, p. 573, n. 34, 35.  Pleading, 31 **Cyc.,** p. 723, n. 92, 95.
[7]  Appeal and Error, 4 **C. J.**, sec. 2932, p. 952, n. 78.  Juries, 35 **C. J.**, sec. 406, p. 369, n. 42.  New Trial, 29 **Cyc.**, p. 765, n. 36.
[8]  Negligence, 29 **Cyc.**, p. 635, n. 68.  Trial, 38 **Cyc.**, p. 1518, n. 69, p. 1551, n. 62, p. 1553, n. 90, p. 1554, n. 92.
[9]  Negligence, 29 **Cyc.**, p. 629, n. 45, 46.  Trial, 38 **Cyc.**, p. 1565, n. 84, p. 1566, n. 86, p. 1577, n. 36.
[10]  Trial, 38 **Cyc.**, p. 1565, n. 77, p. 1586, n. 8.
[11]  Appeal and Error, 4 **C. J.**, sec. 2836, p. 858, n. 3, p. 859, n. 7; sec. 2839, p. 864, n. 33, 34; sec. 2841, p. 866, n. 51; sec. 2842, p. 867, n. 58.  Evidence, 23 **C. J.**, sec. 1755, p. 20, n. 45.
[12]  Negligence, 29 **Cyc.**, p. 516, n. 9, p. 517, n. 12, p. 640, n. 13.
[13]  Negligence, 29 **Cyc.**, p. 611, n. 29, p. 614, n. 38.  Trial, 38 **Cyc.**, p. 1514, n. 39.
[14]  Damages, 17 **C. J.**, sec. 382, p. 1077, n. 26.  Trial, 38 **Cyc.**, p. 1704, n. 76.
[15]  Damages, 17 **C. J.**, sec. 382, p. 1077, n. 26.  Evidence, 23 **C. J.**, sec. 1810, p. 59, n. 22.
[16]  Damages, 17 **C. J.**, sec. 363, p. 1063, n. 89; sec. 367, p. 1066, n. 17.
[17]  Trial, 38 **Cyc.**, p. 1707, n. 98.

*Appeal from District Court, Silver Bow County; Wm. E Carroll, Judge.*

Action for personal injuries by Jenny C. Robinson against the F. W. Woolworth Company.  From a judgment in favor of plaintiff, defendant appeals.  Reversed and remanded.

*Mr. Earle N. Genzberger* and *Mr. T. J. Davis,* for Appellant, submitted a brief and argued the cause orally.

Recovery from a market owner for injuries caused by slipping on grease on the floor of the market cannot be had unless

the plaintiff introduced some evidence tending to show that the defendant knew, or by the exercise of reasonable diligence could have known, of the presence of the grease. (*Thompson Grocery Co.* v. *Phillips,* 22 Colo. App. 428, 125 Pac. 563.)   In the absence of anything to show a faulty or dangerous condition in the stairway of a store on which a customer fell, negligence cannot be imputed to the owner merely from the happening of the accident. (*Belsky* v. *14th Street Store,* 121 N. Y. Supp. 321.)   The mere allegation or proof that a customer slipped on a floor to her injury, is in itself no allegation or proof that the proprietor did not use due care in maintaining his place of business. (*Sennert* v. *Weisbecker,* 82 Misc. Rep. 449, 143 N. Y. Supp. 1039; *Norton* v. *Hudner,* 213 Mass. 257, 44 L. R. A. (n. s.) 79, 100 N. E. 546.)   It is not negligence to oil a floor or to have an oiled floor. (*Diver* v. *Singer Mfg. Co.,* 205 Pa. 170, 54 Atl. 718; *Spickernagle* v. *Woolworth Co.,* 236 Pa. 496, Ann. Cas. 1914A, 68, 84 Atl. 909; *Kipp* v. *Woolworth Co.,* 150 App. Div. 283, 134 N. Y. Supp. 646.)   See, also, on above questions: *Mullen* v. *Sensenbrenner Merc. Co.* (Mo.), 33 A. L. R. 176, 260 S. W. 982; *Bodine* v. *Goerke Co.* (N. J. L.), 133 Atl. 295; *Hale Bros. Co.* v. *Ralls,* 19 Ohio App. 427; *Taylor* v. *Roth & Co.* (N. J. L.), 133 Atl. 386.

The cause of plaintiff's fall was left to conjecture; a motion for a directed verdict was proper and should have been granted. (*Kipp* v. *Woolworth Co.,* 150 App. Div. 283, 134 N. Y. Supp. 646; *Spickernagel* v. *Woolworth Co.,* supra; *Dudley* v. *Abraham,* 122 App. Div. 480, 107 N. Y. Supp. 97; *Garland* v. *Furst Store,* 93 N. J. L. 127, 107 Atl. 38; *Thompson Grocery Co.* v. *Phillips,* 22 Colo. App. 428, 125 Pac. 565; *Larkin* v. *O'Neill,* 119 N. Y. 221, 23 N. E. 563.)   An inference of negligence may not be drawn from the bare occurrence of the injury and it will not be presumed. (*Lyon* v. *Chicago, M. & St. P. Ry. Co.,* 50 Mont. 532, 148 Pac. 386; *Reino* v. *Montana M. & D. Co.,* 38 Mont. 291, 99 Pac. 853.)

Counsel for plaintiff was permitted to question practically every one of the jurors on *voir dire,* asking as to his connection with the Travelers' Indemnity Company or the Travelers' Insurance Company of Hartford, Connecticut. Objections of defendant were overruled and the court refused to instruct the jury to disregard such remarks and questions and later refused defendant's motion for a mistrial of this action upon the grounds of misconduct. This we contend is reversible error. (*Kerr* v. *National Fulton Brass Mfg. Co.,* 155 Mich. 191, 118 N. W. 925; *Iverson* v. *McDonnell,* 36 Wash. 73, 78 Pac. 202; *Stratton* v. *Nichols Lumber Co.,* 39 Wash. 323, 109 Am. St. Rep. 881, 81 Pac. 831; *Lowsit* v. *Seattle Lumber Co.,* 38 Wash. 290, 80 Pac. 431; *Wesby* v. *Washington B. L. & Mfg. Co.,* 40 Wash. 289, 82 Pac. 271; *Chybowski* v. *Bucyrus Co.,* 127 Wis. 332, 7 L. R. A. (n. s.) 357, 360, 106 N. W. 833; *Cosselman* v. *Dumfee,* 172 N. Y. 507, 65 N. E. 494; *Tremblay* v. *Harnden,* 162 Mass. 383, 38 N. E. 972; *Pierce* v. *United Gas & Electric Co.,* 161 Cal. 176, 118 Pac. 700; *Schwalen* v. *Fuller Co.,* 107 Wash. 476, 10 A. L. R. 296, 182 Pac. 592, 187 Pac. 367.)

*Messrs. Lamb & Malloy,* for Respondent, submitted a brief; *Mr. Edwin M. Lamb* argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is a personal injury damage action. Defendant conducts a store in Butte. Plaintiff's amended complaint, in brief, alleges that, for display of merchandise, defendant had in its store tables and counters, so arranged as to form aisles for the use of customers, and that it invited the public to view and patronize its store; that, on or about August 26, 1924, defendant placed oil upon the floors of the aisles of its store and that defendant negligently permitted the oil to remain on the floors; that defendant negligently failed to have any signs or signals of warning of the existence of the oil upon the floors; that the oil caused the floors to be slippery and dangerous for use; that, on August 26, 1924, while the oil

was on the floors and while the floors were slippery and dangerous therefrom, plaintiff entered the store and, without knowledge of the slippery and dangerous condition of the floors and wholly unaware thereof, while walking down one of the aisles and without fault upon her part, she slipped and fell upon the floor and, as a result therof, sustained a Colle's fracture of her left wrist, a sprain of her left hand, a contusion of her left leg and a bruise and a sprain in the lower part of her back. The complaint further alleges physical pain and distress, permanency of the injury to her back, permanent disability, expense for medical attention; also, that plaintiff had been a teacher in the public schools, receiving a salary of $150 per month, and would have continued to teach therein and to receive therefor such salary had it not been for her injuries, which rendered her incapable of further following the vocation of teacher. Some other allegations, mostly of a formal nature and not necessary to mention, are made. In conclusion, the complaint alleges damages, by reason of the negligence of defendant, in the sum of $25,069.50, and prays judgment for that sum.

Defendant demurred, specially and generally, to the complaint. When we say complaint we mean amended complaint. The demurrer was overruled and defendant answered. The answer, except for admission of some formal allegations of the complaint, is wholly of a negative character; denies specifically some allegations and denies generally all allegations not admitted or specifically denied.

The case was tried with a jury. At the beginning of the trial, defendant renewed its challenge of the sufficiency of the complaint by objecting to the introduction by plaintiff of any evidence. The objection was overruled. The jury returned a verdict, in the sum of $2,350, for plaintiff. Judgment in accordance therewith was rendered and entered. Defendant moved for a new trial. The motion was denied. Defendant appealed from the judgment and specifies numerous assignments of error.

We consider first the assignments which attack the complaint.
[1]  The special grounds of demurrer, set forth in defendant's
demurrer, are that the complaint is ambiguous, unintelligible
and uncertain in a number of specified particulars.  By an-
swering, after being overruled as to those grounds, defend-
ant waived such objections to the complaint.  (*Pue* v. *Wheeler,*
78 Mont. 516, 255 Pac. 1043.)  That leaves for our considera-
tion only the contention, interposed by demurrer and ob-
jection to introduction of evidence, that the complaint does
not state facts sufficient to constitute a cause of action.

Counsel for defendant attack the sufficiency of the com-
[2]  plaint in a number of particulars.  They assert it is
fatally defective because there is no allegation that defendant
had notice, actual or implied, of the condition of the floors
which, it is alleged, caused injury, and cite *McEnaney* v. *City
of Butte,* 43 Mont. 526, 117 Pac. 893, and *Phillips* v. *Butte
Jockey Club & Fair Assn.,* 46 Mont. 338, 42 L. R. A. (n. s.)
1076, 127 Pac. 1011.  Those cases are different from this one.
In them, the dangerous or defective conditions which caused
injury were not of the defendants' own making; here, ac-
cording to the complaint, it is so.  When a party intention-
ally creates a condition, he is held to have knowledge of it and
notice is not necessary.  (*William Laurie Co.* v. *McCullough,*
174 Ind. 477, Ann. Cas. 1913A, 49, 90 N. E. 1014.)  In line
with this statement of the law is *Hollingsworth* v. *Davis-Daly
Copper Co.,* 38 Mont. 143, 99 Pac. 142, wherein it is held that,
if it be alleged that a defendant negligently did a thing, dan-
gerous to others, or negligently permitted a dangerous condi-
tion to exist, knowledge is inferred and need not be alleged.
In the case at bar it is alleged that defendant created the al-
leged dangerous condition and negligently permitted it to con-
tinue.  Knowledge on the part of the defendant may be im-
plied from an averment of his negligence.  (4 Bancroft's Code
Pleading, 3543.)  Therefore, an allegation of knowledge or
notice was not necessary.

Counsel for defendant contend that the complaint does not [3] allege facts constituting negligence on the part of defendant and insist that the words "negligently," "slippery" and "dangerous," used in the complaint, are merely descriptive and are not sufficient to show negligence. In support of that contention, counsel cite *Surman* v. *Cruse,* 57 Mont. 253, 187 Pac. 890. There is just one sentence in the opinion which sheds light on the question at hand: "Whether there is a sufficient charge of negligence must be determined from the facts alleged, not from the use of the descriptive terms 'negligently and carelessly.' " We assent to that. However, the complaint before us alleges facts. The statement therein that the floors were made dangerous and were allowed to remain so states facts. True, in *Pullen* v. *City of Butte,* 38 Mont. 194, 21 L. R. A. (n. s.) 42, 99 Pac. 290, the complaint merely alleged that the defendant negligently, wilfully, carelessly and wrongfully caused a street to be placed in an unsafe, dangerous and defective condition and negligently (and so forth) permitted it to remain so; and true, this court held that the complaint was insufficient and that it should have set forth the facts constituting the negligence and showing how and wherein the street was dangerous. The complaint before us, however, tells how the floors were dangerous and how made dangerous, i. e., by oil being put on the floors and the oil made the floors slippery and, because slippery, they were dangerous for use and negligently no signs or signals of warning were put up and the oil was negligently permitted to remain on the floors. The language is not so ample as usual or as caution might suggest but we believe it saves the complaint from fatally falling short. "Negligence may be charged in general terms; that is, what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which renders the act negligent." (*Forquer* v. *North,* 42 Mont. 272, 112 Pac. 439; *Smith* v. *Buttner,* 90 Cal. 95, 27 Pac. 29.)

Counsel say nowhere does the complaint allege that the oiling [4] was done in an improper manner or with an improper substance or that the floor was in any other or different condition than would result from proper oiling or that the substance used for oiling was unusual or different from that ordinarily used and contend that on account thereof the complaint is fatally defective and cite some cases in support of the contention. We do not so read the pleading. It does not have to show all of those disjunctive conditions—only one; and, when the complaint says the oil made the floors or aisles slippery and dangerous for use, it certainly shows that the floors were in other or different condition than would result from proper oiling. Certainly, proper oiling would not make the floors dangerous. The complaint says the oil put on the floors of the aisles made the aisles slippery but evidently means the floors of the aisles.

Counsel say there is no allegation of actionable negligence arising from breach of legal duty. True, the complaint does [5] not, in terms, allege a legal duty and breach thereof but it is not always necessary to do so. There are decisions of this court, holding that, in some negligence cases, there must be formal allegations of a legal duty, owing by a defendant to a plaintiff, and breach thereof, but, in a simple case such as this, allegation of facts which show a legal duty and breach thereof is sufficient. "The facts from which the duty flows must be stated. * * * A simple averment of duty would be a mere legal conclusion." (4 Bancroft's Code Pleading, 3536.) The complaint alleges defendant conducted a store and invited the public to view and patronize it. The law fixes its legal duty and says what it is. It is to exercise ordinary care to keep its premises safe for patrons and to warn them of any hidden or lurking danger thereon. (*Montague* v. *Hanson*, 38 Mont. 376, 99 Pac. 1063.) A pleader is not required to plead matters or declarations of law. Defendant by law being under that duty, the complaint certainly shows that it breached the duty, by putting on the floor oil, which it

negligently allowed to remain there, without warning to the public, when, as alleged, the oil made the floor slippery and dangerous for use by patrons. Premises cannot be both safe, as required, and dangerous, as alleged, at the same time. Whatever is necessarily implied in or is reasonably to be inferred from an allegation is to be taken as directly averred. (*Marcellus* v. *Wright,* 51 Mont. 559, 154 Pac. 714.)

In the foregoing mentioned particulars, we believe the complaint sufficient to withstand attack but we are disposed to hold it to be defective in one respect not yet mentioned. It is not plain that any causal connection between the dangerous condition of the floor and plaintiff's fall and resultant injuries is alleged. The complaint merely says the floor was slippery and dangerous, plaintiff was on it, plaintiff slipped and fell and was hurt. For aught the complaint shows, she may have fallen from some cause other than the oiled floor. It does not say that caused her to slip and fall; does not say what was the proximate cause. True, in the last paragraph of the complaint, plaintiff says "by reason of the negligence of the defendant, as aforesaid, the plaintiff has been damaged" in a certain sum. We do not consider that a statement of causal connection. The damage results from the injury. The causal connection between the injury and the negligence should be stated. (6 Thompson on Negligence, 498; *Bracey* v. *Northwestern Imp. Co.,* 41 Mont. 338, 137 Am. St. Rep. 738, 109 Pac. 706; *Allen* v. *Bear Creek Coal Co.,* 43 Mont. 259, 115 Pac. 673; *O'Neill* v. *Christian,* 60 Mont. 460, 199 Pac. 706; *Grant* v. *Nihill,* 64 Mont. 420, 210 Pac. 914; *Griffin* v. *Chicago, Mil. & St. Paul Ry. Co.,* 67 Mont. 386, 216 Pac. 765.) However, any defect in the complaint, in that respect, was remedied by evidence. Plaintiff testified: "I slipped on a slippery oil floor and that's how it happened." That testimony went in without objection; indeed, was given during cross-examination. The complaint is deemed amended accordingly. (*Hogan* v. *Shuart,* 11 Mont. 498, 28 Pac. 969; 1 Bancroft's Code Pleading, 788.

The complaint omits a number of forms of allegation and formalities of expression usual in such pleadings, and while it might be much strengthened, as a matter of precaution, yet, in view of our Code provisions that a complaint is a statement of the facts constituting the cause of action, in ordinary and concise language (sec. 9129, Rev. Codes, 1921), and that pleadings must be liberally construed, with a view to substantial justice (sec. 9164, Rev. Codes, 1921), we hold that, with the amendment deemed to have been made, in the respect above referred to, by unobjected evidence, the complaint states a cause of action.

During the *voir dire* examination of veniremen, counsel for [7] plaintiff, over objection of counsel for defendant, were permitted to and did ask veniremen if they had any business relations with the Travelers' Insurance Company or the Travelers' Indemnity Company. The first time the question was asked no objection was made; thereafter, each time, objection was made and was overruled. Counsel for defendant assign as error the ruling of the court. We glean from the record and briefs of counsel that one of those companies is or both are engaged in the business of indemnifying from losses of one kind or another individuals, firms and corporations engaged in business. Apparently, counsel for plaintiff believed that defendant carried indemnity insurance with one or both of those companies. They indicate in their brief that they were seeking information to assist them in making peremptory challenges. That matter was touched upon by this court in *Beeler* v. *Butte & London C. D. Co.*, 41 Mont. 465, 110 Pac. 528, under precisely similar circumstances. The identical question here asked on *voir dire* examination was there asked on the *voir dire*. There the first time it was asked no objection was made and thereafter objection was made and was overruled, as here. In that case, this court held that the ruling of the trial court was without prejudice. *Wilson* v. *Blair*, 65 Mont. 155, 27 A. L. R. 1235, 211 Pac. 259, cited by counsel for

defendant, presents an entirely different situation and is not in point. In accordance with the decision in *Beeler* v. *Butte & London C. D. Co.,* supra, we hold that the ruling of the trial court, in this case, under the circumstances, as they existed, was without prejudice. However, the opinion in that case does not say what should have been the ruling of the trial court if objection had been made the first time the question was asked and we say now had that been done in this case the objection would have been valid and, in that event, should have been sustained; to have done otherwise, in such event, would have constituted prejudicial error. On that point, the authorities are divided but the weight of authority and, we believe, sound reason are against the privilege of asking such questions. A venireman's business, occupation and connections can be learned, in a proper way, on *voir dire* examination, without bringing into the trial such incompetent matter as the carrying by defendant of indemnity insurance.

Later, on account of such question having been asked on the *voir dire,* counsel for defendant moved the court for an order, declaring a mistrial of the action, because of misconduct of counsel. The motion was denied and the action of the court is made an assignment of error. What we have said about the ruling of the court in respect to the question asked disposes of that assignment. However, we will say there is no authority in this state for making such a motion, based on such grounds, nor any for a trial court to make such an order, on such grounds.

At the close of plaintiff's case, counsel for defendant moved [8] for judgment of nonsuit. The motion was denied. At the close of all of the evidence, counsel moved for a directed verdict in favor of defendant. That motion, too, was denied. Counsel assign as error each ruling. We shall discuss only the latter. There was no ground for giving judgment of nonsuit. On a motion for nonsuit, everything plaintiff's evidence tends to prove is deemed proven; (*Cowan* v. *Browne,* 63 Mont. 82, 206 Pac. 432; *Clifford* v. *Great Falls Gas Co.,* 68 Mont. 300,

216 Pac. 1114) and the evidence must be viewed in the light most favorable to plaintiff. (*Roach* v. *Rutter,* 40 Mont. 167, 105 Pac. 555; *Flynn* v. *Poindexter & Orr Livestock Co.,* 63 Mont. 337, 207 Pac. 341.) Other like decisions of this court are too numerous to mention. The evidence in behalf of plaintiff was amply sufficient to go to the jury.

Counsel for defendant, in support of their assertion that a directed verdict should have been granted defendant, contend most earnestly that the evidence, as a whole, clearly shows defendant not responsible and they devote much argument to that contention. The trouble is, if we should uphold that contention, we would be substituting this court for the jury and this court would be usurping the functions of the jury.

Undoubtedly, plaintiff made a case of substantial evidence; undoubtedly, there is sufficient evidence for plaintiff, if true, to sustain the verdict and the judgment. Plaintiff testified she entered the store to make a purchase; that she walked halfway or more down an aisle and slipped and fell, because the floor was slippery with oil. She said: "I did not see the slippery, oily floor before falling but after falling saw it. The floor was all covered with oil as far as I could see. It had the effect upon my clothing of ruining my dress for wearing, as it was all covered with oil. I found no signs of warning. Nobody told me to be careful." She testified as to her pain and injuries, as did physicians. She further testified as to her inability to follow her vocation of teacher, as did one of the physicians. As to oil being on the floor and the slippery condition of the floor and others having fallen thereon that day or recently prior thereto, three witnesses other than plaintiff testified. One of them, Miss Collier, said the floor that day was "very oily"; on other occasions, during the summer, she had slipped twice but averted serious falls; twice children with her had fallen. A fourth witness testified that, very shortly after plaintiff's fall, she fell, on account of oil on the

floor. The complaint uses the word "floors" but evidently there was only one floor.

Defendant produced three witnesses, employees, who were in the store the day plaintiff fell: manager, floor-walker, basement worker. The latter, during August, was in charge of the keeping in condition of the floor and, he testified, it would have been a part of his work to oil the floor had it needed to be done. They testified positively there was no oil on the floor, the day plaintiff fell; that the floor had not been oiled since July 12, that year, and was not oiled again until September 17; that it was the custom to oil the floor only once in from four to six or seven weeks, as needed. Two of them saw plaintiff fall and went to her assistance. There is no denial of her fall; only of the alleged cause of it. The manager testified she told him her ankle turned. He testified a record was kept of the days the floor was oiled. Record evidence was introduced to show the floor was not oiled between July 12 and September 17. The manager testified that the oil used was that in common use elsewhere and that, when used, it was applied properly. He explained the precautions taken to make the floor safe after oiling: doing the oiling Saturday night, after closing, and sprinkling the floor, Monday morning, with "veldespar" a powdered substance to prevent slipperiness. The manager testified that from one thousand to three thousand people per day entered the store and that he had never before heard of anybody claiming to have fallen in it because of a slippery floor; had never had any complaint of the floor having been slippery. A fourth employee, the regular basement worker, who was off duty during August, testified and, to some extent corroborated the other employees. Three other persons testified they had at different times in August, 1924, visited the store and had never found the floor slippery and particularly, each testified, that he was in the store on or about August 26 and then did not observe any oil on the floor or that it was slippery.

The two lines of testimony in the case are utterly irreconcilable. Inevitably, somebody was incorrect. It may be somebody even wilfully testified falsely. Both sides could not be correct. Who is to decide who was testifying truthfully? Was it the jury or is it this court? If this court, what is the function of a jury? It is not for us to say plaintiff and her witnesses were mistaken or fabricated their testimony. If to be said at all, it was for the jurors, the triers of fact, who saw and observed the witnesses; their conduct, appearance, manner and demeanor while testifying; their apparent sincerity or lack of sincerity.

A directed verdict on motion of defendant, in a personal injury action, is proper only when the evidence is undisputed [9, 10] or susceptible of but one conclusion by reasonable men and that in favor of defendant. (*Jepsen* v. *Gallatin Valley Ry. Co.*, 59 Mont. 125, 195 Pac. 550.) Unless the evidence is so clear and convincing that the court would be bound to set aside any verdict rendered contrary to it, the cause should be submitted to the jury. (*Rosebud State Bank* v. *Kesl*, 68 Mont. 518, 219 Pac. 814.) No cause should be withdrawn from the jury unless recovery cannot be had upon any view which may reasonably be drawn from the facts which the evidence tends to establish. (*Conway* v. *Monidah Trust*, 52 Mont. 244, 157 Pac. 178.) On motion for a directed verdict, every fact should be deemed proven which the evidence offered by plaintiff tends to prove. (*Koerner* v. *Northern Pac. Ry. Co.*, 56 Mont. 511, 186 Pac. 337.) Many more like decisions of this court might be cited but it is unnecessary to cite others.

There is a sharp conflict in the evidence in this case. Five witnesses, including plaintiff, testified to matters tending, directly or indirectly, to prove the store floor was oily and slippery the day plaintiff fell and that that condition was the cause of her fall; seven witnesses testified to matters positively contradicting or tending, directly or indirectly, to contradict [10a] the five; but the preponderance of evidence is not necessarily with the greater number of witnesses. The trial judge,

who, equally with the jury, had the opportunity of seeing and hearing the witnesses, observing their manner and demeanor, not only refused to direct a verdict but he refused to grant a new trial. It is and long has been the settled rule, in this [11] state, that, upon appeal, a verdict based upon sharply conflicting evidence will not be disturbed, if the evidence of the prevailing party be sufficient to justify the verdict. (*Independent M. & C. Co.* v. *Aetna Life Ins. Co.*, 68 Mont. 152, 216 Pac. 1109; *Northwestern H. & S. Co.* v. *Winnett*, 67 Mont. 545, 216 Pac. 568; *Sharp* v. *Sharp*, 66 Mont. 438, 213 Pac. 799; *Freischeimer* v. *Missoula Creamery Co.*, 64 Mont. 443, 210 Pac. 329.) Dozens of citations to like decisions of this court might be added but it is not necessary to cite more.

When a verdict, based on such evidence, has been approved by the trial court, by refusal to grant a new trial, it is binding on this court. (*Zalac* v. *Barich*, 58 Mont. 428, 193 Pac. 58; *Elder* v. *Crown Butte C. & R. Co.*, 50 Mont. 106, 145 Pac. 1; *Kelly* v. *City of Butte*, 43 Mont. 451, 117 Pac. 101.) Here, too, many more citations to this court's decisions might be made. The rule is trite. The only exception is that, if the evidence in behalf of the prevailing party, inherently, within and of itself, viewed alone, is so improbable that it cannot be accepted as true the judgment may be reversed. (*Moelleur* v. *Moelleur,* 55 Mont. 30, 173 Pac. 419; *First State Bank* v. *Larsen,* 65 Mont. 404, 211 Pac. 214.) In this case, the evidence in behalf of plaintiff is not inherently so improbable as to brand it as palpably false. In support of the assignment of error now considered counsel for defendant cite numerous authorities but examination of them shows some are not applicable and in each of the others there is found some element to differentiate it from the case at bar.

Counsel for defendant dwell upon the contention that the testimony of employees of defendant that the floor was not oiled between July 12 and September 17 is uncontradicted. It is not directly contradicted in terms but it is contradicted in effect by the testimony of plaintiff and her witnesses. If their

testimony was true, the floor or some portion of it must have
been oiled at or some time near the date of plaintiff's fall. .
If not oiled, wholly or in part, between July 12 and Septem-
ber 17, the testimony of plaintiff and her witnesses would
appear to be untrue. It was for the jury to say. Counsel
say, if there was oil on the floor, August 26, there is no
evidence of when it was put on. If it was there, that day,
in sufficient quantity to cause plaintiff to slip and fall and was
the cause of her injuries, it must have been put there shortly
before that but just when would be immaterial. Counsel say
there is no evidence that plaintiff was using due care for her
[12] safety. A customer in a store is not bound to use the
same degree of care to avoid obstacles to safety as is a pedes-
trian on a sidewalk; he is entitled to assume the premises are
reasonably safe; and the question of plaintiff's due care was
one for the jury. (*Bloomer* v. *Snellenburg,* 221 Pa. 25, 21
L. R. A. (n. s.) 464, 69 Atl. 1124; *Ober* v. *Golden Rule,* 146
Minn. 347, 178 N. W. 586; *Brown* v. *Stevens,* 136 Mich. 311, 99
N. W. 12; *Rosenbaum* v. *Shoffner,* 98 Tenn. 624, 40 S. W.
1086.) We hold the trial court did not err in refusing to
direct a verdict.

Counsel for defendant urge as error the ruling of the court
[13] in permitting witnesses for plaintiff to testify to a slip-
pery condition of the floor and the slipping and the falling, on
account thereof, of persons on other days than August 26.
None of the instances were remote; all save one, as testified
to, occurred that summer and not long prior to August 26.
The one exception, as testified to, occurred very soon after that
date. The question of whether too remote in point of time
was within the discretion of the trial court. We do not see
that the discretion was wrongfully used. Such evidence, if
sufficiently near in point of time to be relevant, is competent.
(*Pullen* v. *City of Butte,* 45 Mont. 46, 121 Pac. 878.) Contra,
evidence that thousands have visited a place and no one else
ever was hurt is competent, as tending to show the safety of

the premises. (*Garland* v. *Furst Store,* 93 N. J. L. 127, 5 A. L. R. 275, 107 Atl. 38.) It is all for the jury to consider.

Counsel for defendant urge as error the refusal of the court [14] to give defendant's offered instruction No. B–13, as follows: "You are instructed, in this case, that, the plaintiff having failed to produce any evidence in relation to the difference between her earning capacity prior to the accident and her earning capacity now, you cannot consider her loss of earning capacity in reaching a verdict in this case."

An instruction to that effect was given in *Montague* v. *Hanson,* supra. In the opinion in that case, this court clearly drew a distinction between a person's earning capacity and his ability to pursue his usual vocation. The opinion says: "One of the elements to be taken into consideration was the disability to pursue his usual vocation. This element does not include compensation for loss of earning capacity. In a given case, the plaintiff's earning capacity may be so small as to be a negligible element in making up the estimate, yet the destruction of his capacity to pursue his established course of life is nevertheless a deprivation for which he is entitled to compensation." One may prefer to earn a livelihood at his chosen vocation. The satisfaction is worth something. If wrongfully deprived of it, he is entitled to damages for such deprivation. Yet, his earning power may not be diminished; he may be able to earn as much at something else. In that event, while entitled to some damages for being deprived of the satisfaction of following his chosen vocation, he would not be entitled to any damages for diminished earning capacity. In this case, one physician gave testimony tending to show that plaintiff was disabled for teaching, because it would require her to be on her feet a great deal, but no medical or other witness testified how much plaintiff's earning capacity was diminished or that it was diminished at all. Plaintiff testified to pain and suffering and said she was not able to teach school but said nothing as to how much her earning

capacity was diminished, if at all. In fact, the jury was left in the dark as to what was her earning capacity at the time of the trial but she must have had some, for she had been following occupations other than teaching. Inasmuch as plaintiff claimed permanent injury and disability, diminished earning capacity may be a serious factor but there is no evidence about it. We hold it was prejudicial error to refuse to give offered instruction No. B–13 and the error was accentuated by the giving of instruction No. 20–A–8, which expressly told the jury, if it should find for plaintiff and should find her injury or injuries to be permanent, it might take into consideration impairment of her capacity to earn money in future; this, in spite of the fact there was no evidence of impairment of earning capacity in general or at anything other than teaching.

Counsel for defendant urge as error the refusal of the court to give defendant's offered instruction No. B–16, as follows: "You are instructed that, if you find from the evidence that the plaintiff has declined to accept employment in her profession as a school-teacher or has not sought employment or has been denied employment as a school-teacher, through no fault of the defendant herein, then you are instructed that such lack of employment since the date of alleged accident and injury to the plaintiff shall not be considered by you in assessing damages in this case."

Plaintiff's complaint, after alleging she was a public school-
**[15]** teacher and had been teaching in a public school, at a salary of $150 per month, alleged that, had it not been for her injuries, she would have continued to teach in a public school and would, during the ensuing school year, have received therefor the same salary. Plaintiff testified she did not make application for re-employment in the public school at Melrose, where she had taught, the last preceding school year, and testified that, on August 26, 1924, she had not made application to teach anywhere and had made no arrangement for teaching during the ensuing school year. It is a matter of common knowledge that school terms almost invariably begin in the fall.

[80 Mont. 431.]

There was not a particle of testimony that she would have taught school during the ensuing school year at any salary whatsoever or at all, had she not been hurt. Yet, the way the case went to the jury, the jury was at liberty to consider that, had she not been hurt, she would have taught, during the ensuing school year, at least four months, the minimum required by statute to be taught in any public school in a year, and maybe as much as nine months, at a salary of $150 per month, and, as she did not teach, was at liberty to include the sum of such salary for an undetermined number of months, not less than four, in her loss and consequent damage. The offered instruction should have been given or else some carefully drawn instruction, tantamount to it, telling the jury, if it should find for plaintiff, in computing her damages, not to allow anything for loss of salary as a teacher, for the school year next following her injury, as there was no evidence that she would have taught then, had she not been hurt. We hold the action of the trial court was prejudicial error.

Counsel for defendant urge as error the giving, over objection, of instruction No. 20–A–8. We have already indicated that, in our opinion, the instruction is faulty because it specifically authorized, if the jury should find for plaintiff, allowance of damages for diminished earning capacity, when there is no evidence of any diminution of earning capacity, as such. Further, it erroneously authorized damages for loss of wages or compensation plaintiff "might" have earned. If given at all, it should have been confined to such as the evidence showed she "would have earned." The word "might" is speculative, uncertain. Counsel for defendant say further the instruction should have directed the jury, in the event of a verdict for plaintiff, to deduct from loss of earnings whatever she made at keeping an art store but there is no evidence that she made anything at that vocation. Had the evidence shown she netted $100, or any other sum, per month, for a given number of months, it would have been proper to have instructed the jury to deduct such aggregate amount from loss

of earnings, if any were proven, but the record is void of any evidence on the subject.

Counsel for defendant urge as error the refusal of the court to give defendant's offered instruction No. B–18. We think it should have been given. Under it, plaintiff was not required to prove all of the enumerated disjunctive requirements but only any one. Plaintiff alleged and testified to a slippery and dangerous condition of the floor, which would be a different condition than would result from proper oiling, with the exercise of ordinary care and skill. The testimony was contradicted by defendant's witnesses. It was a question for the jury and, under the evidence, we hold the offered instruction was proper and appropriate to be given.

Counsel for defendant urge as error the refusal of the court to give defendant's offered instruction No. B–22. We think it incomplete and had defendant's offered instruction No. B–18 been given, as we hold it should have, this offered instruction would have been repetitious, as well as incomplete. We find no error in this action of the court.

We find no merit in other assignments as to instructions given or refused.

Counsel for defendant complain the damages awarded are excessive and evince passion and prejudice on the part of the jury. As the judgment is to be reversed on other grounds, it is not necessary to consider that assignment.

Counsel for defendant contend the judgment should be reversed and the action ordered dismissed, for want of support in law and fact, but we do not agree with the contention. However, for error committed with regard to instructions, as herein indicated, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.