## THE FAIR, Inc., v. PREISACH et al.

### No. 2623.

Court of Civil Appeals of Texas. Beaumont.
Dec. 13, 1934.

Pipkin & Pipkin, of Beaumont (Charles S. Pipkin, of Beaumont, of counsel), and James H. Pipkin, of Houston, for appellant.

Howth, Adams & Hart, of Beaumont, for appellees.

WALKER, Chief Justice.

This appeal is prosecuted by appellant, The Fair, Inc., from a judgment of the lower court in the sum of $10,000 in favor of appellees, George 'J. Preisach and his wife, Esther L. Preisach.

. Appellant operates a general merchandise store in the city of Beaumont. On the 14th day of July, 1932, Mrs. Preisach entered appellant's store as a customer. It is her contention that as she was walking down one of the aisles of the store towards one of the clerks she stepped into a small "spot" of oil on the floor, causing her to slip or slide on the floor the distance of two or three counter tables and to fall in a sitting or squatting position, resulting in serious bodily injuries. Appellees pleaded that appellant was guilty of negligence "in greasing and oiling the floor * * * and leaving said floor too oily and greasy," and in allowing "an excess accumulation of floor dressing to remain on said floor at the point where plaintiff slipped." The jury found, first, that appellant's employees allowed an excess accumulation of floor dressing to be on said floor where Mrs. Esther L. Preisach slipped; second, that appellant's employees, at the time Mrs. Esther L. Preisach slipped, failed to wipe from the floor the oil applied to it; and, third, that. appellant's employees failed to maintain the floor in its store at the point where Mrs. Esther L. Preisach slipped in a reasonably safe condition for customers of said store to walk upon; that these facts separately constituted negligence and the proximate cause of Mrs. Preisach's injuries, and constitute the basis of the judgment in her behalf.

▪■■ On the theory that, as a matter of law, the evidence established the fact that appellant's servants put the "spot" of oil on the floor and knew, or should have known,

of its presence on the floor when Mrs. Preisach slipped and fell, the lower court, over appellant's objections, refused to submit these issues to the jury. Both these issues were controverted by appellant. It offered evidence to show that immediately prior to July 14, 1932, its floor had not been oiled for about two weeks, and that the preparation used for oiling the floor was quick drying and in the summertime would dry within a few minutes after being put on the floor; that the floor was oiled on Saturday night about once per month, and when oiled in the summertime was not gone over with a mop or broom before the store was opened for business the following Monday morning. If the floor had not been oiled for two weeks, and if, in the summertime, the preparation used for oiling the floor would dry within a few minutes—this being appellant's testimony—then appellant's servants and employees did not put on the floor the spot of oil that caused Mrs. Preisach to fall. The refusal to submit that issue to the jury was reversible error. Of course, if appellant's servants and employees put the "spot" on the floor, then, as a matter of law, it had notice that the oil was there. Robinson v. F. W. Woolworth Co., 80 Mont. 431, 261 P. 253. But, if the servants and employees were not responsible for the presence of oil on the floor—and that was appellant's testimony—then it could be convicted of negligence only upon a jury finding that it knew that the oil was on the floor, or that it had been there long enough to charge it with knowledge of the presence of the oil in time to remove it or otherwise safeguard those using the aisles. Graham v. F. W. Woolworth Co., Inc. (Tex. Civ. App.) 277 S. W. 223. See, also, Scott v. Kline's, Inc. (Mo. App.) 284 S. W. 831; Schnatterer v. Bamberger, 81 N. J. Law, 558, 79 A. 324, 34 L. R. A. (N. S.) 1077, Ann. Cas. 1912D, 139; Norton v. Hudner, 213 Mass. 257, 100 N. E. 546, 44 L. R. A. (N. S.) 79; Kaufman Dept. Stores, Inc., v. Cranston (C. C. A.) 258 F. 917. Appellant's servants and employees not only testified that they did not put the oil on the floor, but also that they did not know of its presence on the floor. So it was reversible error not to send that issue to the jury.

Issues 1 and 2, supra, were·on the weight of the evidence, in that they assumed that appellant's employees put the oil on the floor and knew of its presence there; both issues being strongly controverted. Issue No. 3 was condemned by this court in S. H. Kress & Co. v. Jennings, 64 S.W.(2d) 1074, 1075, on

the ground that it submitted "a general issue of negligence rather than the particular matters of negligence alleged in plaintiff's petition." Appellees contend that these exceptions were not reserved in the lower court. However, appellant makes the point in its brief, and, in view of another trial, it is proper that the charges be construed in the light of the argument made.

■■ Miss Mattie Zoller, a sister of Mrs. Preisach, was a witness in her behalf. In answer to questions propounded to her by her sister's attorney, Miss Zoller testified that Dr. Granata visited her sister professionally, that Dr. Wier visited and treated her sister professionally, and that she visited the office of Dr. Fears with her sister, and that her sister was treated by Dr. Fuller, a chiropractor. Counsel for Mrs. Preisach then asked Miss Zoller the following questions, which she answered as indicated:

"Q. Did you know anything about your sister consulting Dr. Gardner? A. Dr. Gardner?

"Q. Yes. A. He was sent out there to our home; he said he was sent by the insurance company.

"Q. You can have the witness."

Thereupon the jury was withdrawn, and appellant's counsel excepted to the statement of the witness that Dr. Gardner "was sent by the insurance company," and asked permission to withdraw its announcement of ready, and moved the court to declare a mistrial, "for the reason that the witness for the plaintiff on the stand testified by voluntary statement to the effect while on direct examination, volunteered the information, that Dr. Gardner was sent out to attend her sister by the insurance company, and directly injects into this case to the jury, and informs them indirectly if not directly, that there may be some question of the defendant in this case being covered by insurance, and would tend to prejudice the defendant in its defense in this case." Appellant's exceptions and motion were overruled, and the case proceeded to judgment, with the following instruction given by the court in its charge to the jury: "In arriving at your verdict in this case you are instructed to entirely disregard any statement which the witness Miss Zoller may have made while testifying in this case, with reference to any statement claimed to have been made by Dr. Gardner upon the occasion of his alleged visit to plaintiffs' home."

The authorities seem to condemn this reference by the witness to "insurance" as reversible error, though not called for by appellees' counsel and volunteered by the witness. In Page v. Thomas, 71 S.W.(2d) 234, 236, the Commission of Appeals said: "We agree that the information about an insurance adjuster voluntarily imparted to the jury by Dr. Thomas was reversible error." Appellees insist that the charge of the court relieved this testimony of the error complained of. On that issue in Carter v. Walker (Tex. Civ. App.) 165 S. W. 483, 487, the court said: "No amount of admonition to the jury could remove the effects of the testimony, because it could not remove the knowledge that the suit was not one between citizens, but between a citizen and a corporation."

To show that the reference to "insurance" must have prejudicially influenced the jury, appellant brings forward from the record a statement to the effect that Mrs. Preisach was the only witness who testified that oil was on the floor, while five of its employees testified that they examined the floor at the time she claimed to have been injured and found no oil there. It also brings forward a statement from the record on the nature, extent, and duration of Mrs. Preisach's injuries, somewhat in the proportion of the testimony on the issue of oil on the floor. On this statement of the evidence appellant also contends that the issue of oil on the floor was not raised as a jury question and that the verdict of the jury was grossly excessive. We think the evidence sufficient to raise the issue that oil was on the floor, and, in view of another trial, we do not further discuss the excessiveness of the verdict.

Appellant has presented its appeal on 32 propositions, 182 assignments of error, and a printed brief of 273 pages, all of which have been examined by us. Except on the points discussed above, appellant's propositions and assignments are overruled as without merit.

For the reasons indicated, the judgment of the lower court is reversed and the cause remanded for new trial.

Reversed and remanded.