ESTHER BILLINGSLEY, Respondent, v. McCORMICK TRANSFER COMPANY, and Sam More, Appellants.

(228 N. W. 427.)

Opinion filed December 24, 1929.

*Conmy, Young & Burnett,* for appellants.

*Shure & Murphy,* for respondent.

Burr, J. This case is the companion of the Mike Billingsley case against the same defendants argued at this term. The plaintiff is

the sister of Mike Billingsley and was riding in his Ford coupe at the time of the collision. There were four in the coupe at the time; her brother Mike who owned the car and on whose knee she was sitting; her brother Ted, the driver, and a cousin. While traveling on highway No. 10 from Moorhead, Minnesota, to their home at Linton, N. Dak., about 10:30 P. M. on June 3, 1928, they crashed into a truck or van, standing on the extreme right of the road a short distance east of the village of Tappen and facing westward. This plaintiff, as well as her brother Mike, was injured in the collision. Each brought a suit against these defendants. The defendant More was an employee of the transfer company, had charge of the van, and at the time of the collision was working as such employee.

It is not necessary to set out the testimony in detail. This plaintiff claims the van was standing on the road without lights or other warning signs and therefore the collision was caused by the negligence of the defendants. The defendants say that proper lights were displayed and that the collision was caused by the recklessness and carelessness of Mike Billingsley and that in any event the plaintiff herself was guilty of contributory negligence. Such facts as are necessary to relate will be referred to in determining the law applicable to this case. This action and the companion case of Mike Billingsley against the same defendants were tried to the same jury at the same time. One charge was given, but separate verdicts were rendered. The jury found in favor of the plaintiff in each case and the defendants have appealed. The appeal in the Mike Billingsley case has been determined in another decision. See Billingsley v. Transfer Co. ante, 913.

One major point argued by appellants is that the effect on Esther's case, of the collision being caused by Mike's negligence, was not submitted to the jury in a proper manner. The plaintiff was a passenger in her brother's car. That she was injured is established by the evidence. It is clear that if the collision were caused by the negligence of her brother, and not by the negligence of the defendants, she would have no cause of action against the defendants. Her cause of action would be against her brother.

While the brother Ted was driving the car nevertheless he was doing so with the consent and under the direction of his brother Mike and

therefore his negligence would be the negligence of Mike. Mike was the owner of the car, had control of it and of the operator. On the basis of relationship of master and servant he was responsible. Vannett v. Cole, 41 N. D. 260, 170 N. W. 663; Ulman v. Lindeman, 44 N. D. 36, 10 A.L.R. 1440, 176 N. W. 25; 45 C. J. 1025. If the defendants had brought action against Mike Billingsley for damages to the van caused by the collision, charging him with negligence, it is probable he would have denied negligence on his part, and claimed the collision was caused by the negligence of the plaintiffs in that suit or that at least they were guilty of contributory negligence in not having lights displayed. In such case, if the jury found they were guilty of contributory negligence, they could not recover even though the collision was caused by the negligence of Mike Billingsley. Thus if the collision were caused by the negligence of Mike Billingsley, the plaintiff could not recover against the defendants even if the defendants themselves were negligent in not having lights displayed unless it be one of that class of cases where a third person has an action against two or more parties because of injuries caused by a collision, when the collision was produced by the negligence of one of the parties concurring with the negligent act of the other party so that "two or more causes join, and by contemporaneous action produce a single injury" thus making the author of each liable, "even though the author acted independently of each other." See Asch v. Washburn Lignite Coal Co. 48 N. D. 734, 186 N. W. 757. But if it be a fact that the defendants did not have lights displayed and that they were guilty of contributory negligence merely, nevertheless this would not be the foundation for an action against them by this plaintiff if the negligence of Mike Billingsley were the sole proximate cause of the collision. As stated in O'Neil v. Christian, 60 Mont. 460, 199 Pac. 706: "Negligence does not give rise to a cause of action unless it is the proximate cause of injury." If the sole proximate cause was the negligence of Mike, and not the negligence of the defendants, then Esther, being a passenger in the car of her brother, would have a cause of action against him and not against the defendants.

In the charge there is no reference to the effect on the case of Esther Billingsley if the collision were caused by the negligence of

Mike. The court charged several times that if Mike "was the sole cause of it then in that case the plaintiff Mike Billingsley would not be entitled to recovery either for personal damages or for damages to his automobile." He then refers to the plaintiff and instructs in the matter of her contributory negligence—a matter which will be discussed later—and shows that she would not be entitled to recover if she were guilty of contributory negligence. He then instructs the jury that if Mike were guilty of contributory negligence and this plaintiff were not then "Esther Billingsley would be entitled to recover while Mike Billingsley would not be entitled to recover." It is true that in a general statement the court charged the jury:

"The burden of proof always lies upon the plaintiff in a case to establish his or her right to recover, by what is called a fair preponderance of the evidence. It is the duty lying upon Mike Billingsley in his individual capacity, and upon Esther Billingsley in her individual capacity, to prove by a fair preponderance of the evidence, if they are entitled to recover at all, that they are entitled to recover, and if you find that they have established that proof by a fair preponderance of the evidence either one or both of them, as to their right to recover, then the second question for you to consider is, what amount of damages is either one or both entitled to recover."

And in a later portion of the charge he says: "If you find that the plaintiff Mike Billingsley is not entitled to recover, then you will take into consideration under the law as I have given it to you whether or not Esther Billingsley is entitled to recover, and if you find that Mike Billingsley is not entitled to recover, but that Esther Billingsley is entitled to recover, then determine upon the amount that she is fairly entitled to recover, and that is in the sound discretion and the best judgment of the jury."

Later another portion of the charge states: "A party that comes into court and claims a right to recover against another, must prove that right by what is called a fair preponderance of the evidence. What we mean by a fair preponderance of the evidence is not the greater number of witnesses that have testified on one side or the other, nor does it mean the greater volume of testimony on one side or the other; it simply means when you have weighed, considered and com-

pared it all together, you are to determine where the greater weight of the evidence, the more convincing testimony leads you, either as to the matter of the plaintiffs being entitled to recover, or not to recover."

Again the court charged: "Upon the question of contributory negligence the burden of proof would lie upon the defendants and the same burden of proof as lies upon the plaintiffs in the first instance to prove their right to recover. In other words; if you find that the defendants were negligent, and you find that the plaintiffs were negligent, or one of the plaintiffs contributed to the accident and was not entitled to recover, the defendants must prove that fact as to the contributory negligence by a fair preponderance of the evidence. And so, if upon that question you find that the evidence is so evenly balanced that you cannot say in which direction it leads you, where the greater weight of the evidence is, then and in that case, you should find in favor of the plaintiffs without finding that the plaintiffs were guilty of contributory negligence."

It will be noted that nowhere therein does the court state Esther Billingsley could not recover if the collision were caused by the negligence of Mike Billingsley unless it can be said the general statement, the plaintiff must prove her case by the preponderance of the evidence, is a sufficient charge. In the case of Esther Billingsley against these defendants the defendants requested the following instruction:

"You are instructed that if the driver of the Ford automobile was negligent, and that his negligence proximately caused the accident in question here, then I charge you that this plaintiff cannot recover damages and your verdict must be for the defendants."

This was a clear cut request, couched in succinct language, and embodied the law of the case. The request was denied. It should have been given.

The jury might readily assume, when the court instructed specifically that Mike could not recover if his negligence caused the collision and said nothing about the effect of this upon Esther's right to recover that Esther could recover even if Mike's negligence were the proximate cause of the collision.

Again the defendants asked for this instruction: "I charge you that even if you should find that the defendants' car was not located

on the highway as required by the statute, or that it did not have lights, as required by the statute, nevertheless the defendants cannot be held liable here in this action unless their negligence in this respect was the proximate cause of the injury."

This request was refused. Again, in another request refused by the court, defendants asked an instruction to the effect that the Ford coupe should have been equipped with proper headlights "and if you find that the Ford automobile was not equipped with such lights and if such negligence proximately caused the accident in question then I charge you that plaintiff cannot recover damages against these defendants, and your verdict should be for these defendants."

In another request, with reference to Esther's case, the defendants asked the court to charge as follows:

"I charge you this plaintiff cannot recover damages from the defendants, and your verdict must be for the defendants, provided you further find that the failure of the driver of the Ford automobile to see the truck was the proximate cause of the accident here. If his failure in this respect was the proximate cause of the action, then plaintiff cannot recover damages against these defendants."

This request was refused and properly so. Nevertheless it brought to the attention of the court the legal relationship between the passenger of the car and the owner and driver. It is true the court does not need to give the request unless it states the law clearly; but the first two requests quoted did state the law clearly, and the others reiterated to the court the legal proposition in the minds of the counsel for defendants.

Under the instructions the court did give it was possible for the jury to find, so far as Esther Billingsley was concerned, that though the collision was caused by the negligence of her brother and she herself was not guilty of contributory negligence she could recover against the defendants if they were guilty of contributory negligence in not having lights and other warnings. In Mike's case we have held that the case shows conclusively that Mike was guilty of contributory negligence at least if not of having caused the collision himself; and we have ordered judgment in favor of the defendants. The state of the record is such that the contributory negligence of Mike was merely

a matter of law. The question of his negligence as the proximate cause of the collision is a question of fact. We do not pass upon that in the other decision.

But the jury, having found in favor of Mike Billingsley—even though the judgment was set aside by this court—must have found, under the instructions given by the court, that the collision was not caused by the negligence of Mike. This being so the failure to instruct specifically that Esther could not recover, if Mike's negligence caused the collision, was error without prejudice.

Another major objection deals with the alleged error in instructing on the question of contributory negligence on the part of Esther. The evidence shows her to be a girl of about seventeen years at the time of the collision. She was attending school and from the record we judge she was a bright, intelligent young woman. She undertook to ride in a Ford coupe with three other persons and to travel from Moorhead, Minn., to Linton, N. Dak., sitting on the lap of her brother, the owner of the car. By doing so she must necessarily have cramped the already overcrowded occupants, interfered materially with the management of the car and with the watch or outlook which her brother would be required to keep on the road. Whether she thought of these things is not shown by the record, but it became a question for the jury to determine whether such action on her part was not such contributory negligence as would prevent a recovery.

The general principle is that the negligence of the driver of a car is not imputed to a mere passenger. Amenia & S. Land Co. v. Minneapolis, St. P. & S. Ste. M. R. Co. 48 N. D. 1306, 189 N. W. 355; Chambers v. Minneapolis, St. P. & S. Ste. M. R. Co. 37 N. D. 377, 163 N. W. 824, Ann. Cas. 1918C, 954; Kokesh v. Price, 136 Minn. 304, 23 A.L.R. 643, 161 N. W. 715, 16 N. C. C. A. 1050; Little v. Hackett, 116 U. S. 366, 29 L. ed. 652, 6 Sup. Ct. Rep. 391; Stewart v. San Joaquin Light & P. Corp. 44 Cal. App. 202, 186 Pac. 160; Lundh v. Great Northern R. Co. 165 Minn. 141, 206 N. W. 43. The same principle is set forth in Fujise v. Los Angeles R. Co. 12 Cal. App. 207, 107 Pac. 317; Allen v. Walla Walla Valley R. Co. 96 Wash. 397, 165 Pac. 99. The fact that Mike and Esther are brother and sister does not affect these rules. Lawler v. Montgomery, —

Mo. App. —, 217 S. W. 856; Kepler v. Chicago, St. P. M. & O. R. Co. 111 Neb. 273, 196 N. W. 161. It is not claimed this was a joint enterprise. But failure to realize risk, or to give thought thereto, does not exonerate one from the results of his own acts, even if comparatively young, when he had the capacity and knowledge to comprehend danger and understand the situation in which he was placing himself. Derringer v. Tatley, 34 N. D. 43, L.R.A.1917F, 187, 157 N. W. 811. Thus if there was negligence on the part of Mike to which this plaintiff contributed or for which she was partially responsible; or there was contributory negligence on her part accentuating the contributory negligence of Mike then she could not recover against the defendants. But the court did submit to the jury the question of her contributory negligence. After calling attention to the fact that she was sitting on the lap of her brother Mike in a crowded seat and with crowded condition, the court charged:

"If you find from the evidence that she knew that they were driving at an excessive rate of speed, such a speed as would be dangerous, and were not having proper control of the car, and not keeping a vigilant lookout ahead; if you should find that to be a fact and she made no protest against it, and yet she knew these conditions, if you find that to be a fact, and you further find that Mike Billingsley through his driver and control of the automobile, contributed to the accident, and otherwise the accident would not have occurred, then and in that case the plaintiff Esther Billingsley would not be entitled to recover."

The defendants asked the court to instruct as follows: "The testimony here shows that the plaintiff and three other parties were occupying a single seat in the Ford car. I instruct you that it is for you to determine whether or not the plaintiff was negligent because of this fact, and if such negligence contributed to cause the accident in question, then I charge you plaintiff cannot have a verdict here against the defendants and your verdict should be for the defendants."

This request was refused but there was no error in so doing as the matter was already covered by the charge.

A more serious allegation of error relates to the failure of the court to instruct specifically as to the duty of Mike to have his lights in conformity with the law. The court, in instructing the jury, was asked

to instruct on the law of lights to be carried by automobiles driven on the highway during the nighttime. In the charge the court said: "It is the duty of any person driving a truck upon a highway to take the same precautions that I have charged you in reference to all other persons, and if anyone stops upon a highway for any cause, whatever it may be, such person stopping must take the necessary precautions to avoid an accident on account of such stoppage," and immediately thereafter read to the jury a portion of the statute, as follow: "Every motor vehicle upon a highway within this state during a period from a half hour after sunset to a half hour before sunrise and at any other time where there is not sufficient light to render clearly discernible any person on the highway at a distance of two hundred feet ahead, shall be equipped with lighted front and rear lamps as in this section respectively required for different classes of vehicles and subject to the exemption with reference to lights on parked vehicles as declared in section 55."

Nowhere does he say that this law was applicable to Mike Billingsley, and after quoting several sections of the statute in connection with the duty of the truck driver the court turns to the question of speed. The truck was not moving and therefore reference to speed could be applicable to Mike Billingsley only. After reading part of the regulations as to speed the court says:

"Now I will read that part that applies to this particular case; '35 miles an hour in all other conditions.'"

Nothing is said about Mike carrying lights. After reading the regulations regarding speed he proceeds to define burden of proof and then charges as to the duty of Mike "to see that vigilant outlook was kept and that the car driven at a rate of speed and under such control, with a lookout ahead as would give him time and opportunity to avoid having any accident occur with another person, to his car, or to the occupants." After doing this the court charges as follows:

"If you find from all of the evidence in this case, that the truck was parked upon the highway, as is claimed, and there were no rear lights on it, and you further find that the plaintiffs could not have seen and would not have seen the truck until they were directly up to it or within a short distance, and could not have seen it in time,

under the conditions of the weather and the like that have been testified to, in time to avoid the accident, and you further find that they were driving at a reasonable rate of speed with their car well under control, as an ordinarily prudent man would have driven, at the time, and under the conditions and circumstances at the time and place, and under such control as an ordinarily prudent person would have had his car, and the accident occurred without any fault on the part of the plaintiff, and was due to the fact that the truck was parked on the highway and without rear lights, then and in that case the plaintiffs and each of them would be entitled to recover."

After charging with reference to Esther Billingsley and contributory negligence on her part and regarding the proximate cause he says:

"One must in driving an automobile or a car be governed by the present conditions of everything, the road and all other matters as I said before, and the rate of speed must be graduated to the time and the conditions, and if the time and the conditions, taking into consideration light and darkness, and all other matters are such, that a low rate of speed is the safe and prudent rate of speed, one must be particularly vigilant in looking ahead and watching the road over which he is traveling, because if the condition and the time is such as to warn an ordinarily prudent man to drive at a slow rate of speed, rather than a live rate of speed, or rapid rate of speed, that is a warning that conditions are such that it is not safe to drive a car at such a rate of speed that it could not be easily stopped or controlled. These are facts that must be taken into consideration by you in determining upon your verdict."

The court then goes back to the question of clearance lights on the truck which resulted in a colloquy between the court and the counsel on each side.

The defendants requested the court to give the following instruction, which was refused:

"You are instructed that under the law of this state the Ford automobile should have been equipped with headlights so constructed, arranged and adjusted that at the time the accident in question occurred, they would, under normal atmospheric conditions, and on level road, produce a driving light sufficient to render clearly dis-

cernible a person two hundred (200) feet ahead, and if you find that the Ford automobile was not equipped with such lights, and if such negligence proximately caused the accident in question, then I charge you that plaintiff cannot recover damages against these defendants, and your verdict should be for the defendants."

A similar instruction was requested in the case of Mike Billingsley. In a way this was repeating what was said already; but applying it to Mike's case. If the court did not desire to repeat, he could have made it plain that Mike was bound by the same law. In view of the failure of the court to charge specifically that the car operated by Mike was required to be equipped with lights of a certain strength, after having referred to the duty of the truck driver to have his truck so equipped, it might be considered that such duty did not devolve upon Mike. That the failure to instruct specifically regarding the duty of Mike Bilingsley to have lights in compliance with the statute undoubtedly affected the decision of the jury would seem to be evident when we consider the only testimony in the case relative to the lights he did have. Mike testified that the lights he had were "ordinary lights, the same as on any other car," and then said they "were ordinary lights; the ones that came on it," but he did not know the kind. He was asked, "How far would these lights throw a light ahead on the road?" and his answer was "I should judge about fifty feet, something like that. That is where the light dropped to." When asked "How far could you see ahead on the road; see an object like a man on the road with these lights?" he said "Well, I should judge about that distance." Later, when recalled to the stand, he said he meant that his lights would strike the ground about fifty feet in front of the car and that he did not mean to say the lights did not light the ground closer, that the bright part of the lights struck the ground about fifty feet ahead of the car.

He did not know how far ahead he could see. Nowhere is there any testimony that the lights he had were of the range required by law. When we consider the time that was spent by counsel in trying to get Mike to describe the range of view given him by his lights it must have been evident to the jury that his range was an important factor; nevertheless they were not told that this law which was said to be applicable

to a truck was also applicable to Mike's lights. When the court was requested to make this plain to the jury he declined to do it. The attention of the jury was not called to the neglect of this statutory duty so far as Mike was concerned. The defendants requested it. It was error not to give it. Had this request been given it would have had a bearing upon whether the collision was caused by the negligence of Mike, and if it were so caused then Esther could not recover. The jury should have been instructed specifically on this feature of the case. The failure to do so was prejudicial to the interests of the defendants and requires the setting aside of the verdict. The judgment therefore is reversed and a new trial ordered.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.