MOLLIE MORSTAD, Respondent, v. KOPALD ELECTRIC COMPANY, a Corporation, Appellant.

(234 N. W. 56.)

Opinion filed December 22, 1930.  Rehearing denied January 16, 1931.

*F. J. Funke,* for appellant.

*Sinkler & Brekke,* for respondent.

BURR, J.  This is an action to recover damages for injuries received in an automobile collision.  The pleadings and the proof show that on June 4, 1929, the plaintiff was riding with her husband in an Oldsmobile car, going east on Highway #2.  Eight or nine miles east of Leeds the car went into the ditch and the plaintiff was injured.  Defendant's car was immediately behind and was driven by the de-

fendant's agent engaged in defendant's business. It is the contention of the plaintiff that the car belonging to the defendant company overtook them from the west, collided with their car, drove it into the ditch causing the damages alleged, and that this collision was caused by the negligence and carelessness of the driver of defendant's car. The defendant denies the collision and any negligence on its part. The jury found for the plaintiff and the defendant made a motion for a new trial which was denied by the court. From the order denying the motion for a new trial and from the judgment entered in this case the defendant appeals.

There are three general specifications of error in support of the reasons assigned for a new trial, which reasons will be considered in their order, and are as follows:

1. Newly discovered evidence; 2, Insufficiency of the evidence to justify the verdict; 3, Errors of law occurring at the trial of the action, being eight rulings on the admission of testimony, one charge of erroneous striking out of evidence, and two objections to portions of the charge.

On the argument in this court the question of newly discovered evidence was abandoned, the defendant stating that upon a more thorough examination it found itself unable to substantiate what it expected to prove.

With reference to insufficiency of the evidence to justify the verdict it is unnecessary to set out the evidence in detail. Both cars were proceeding east and defendant's car overtook the car in which the plaintiff was riding. The driver of the defendant's car says that he never struck the other car; that when he was about twenty feet away he saw apparently the husband, who was driving, had lost control of the car and it swerved and shot into the ditch. His companion corroborates this. Testimony for the plaintiff is to the effect that just as defendant's car attempted to pass on the left something struck their car; the occupants could feel the impact of the collision; and the car was shoved ahead causing the driver to lose control so that the car went into the ditch. There was nothing to strike their car but the car of defendant. There was other testimony introduced for the purpose of substantiating the different stories, such as the condition of the car indicating collision, loose gravel, admissions of collision, etc.

It is sufficient to say there was evidence to take the case to the jury, and if the jury believed the testimony of the plaintiff and her witnesses, as evidently the jury did, the evidence sustains the verdict. The defendant makes no attack on the amount of damages, and so this feature is eliminated.

The first act of the court challenged as error is the overruling of two objections by defendant to questions propounded its witness Braaten, "You had been traveling about fifty miles an hour all morning, hadn't you?" and "You wouldn't swear you hadn't been going about fifty miles per hour between Rugby and Leeds?" This witness was the driver of defendant's car. It is said it is immaterial what rate of speed he may have reached earlier in the day, that the issue of speed should have been confined to the time of the collision. It is true the issue of rate with this respect was material only so far as it related to the time of the collision; but the testimony of the driver was indefinite in this respect. He said, "Well, I don't know that we were going fifty miles an hour. I don't watch the speedometer to see exactly how fast I am going;" and "Well, No, I don't make a practice of driving very fast." The witness denied any collision and the plaintiff claimed not only was there a collision, but that the defendant's car was being operated negligently and as part of the negligence tried to prove that the witness at the time of collision was driving so fast he could not control his car so as to prevent collision. He said he had left Rugby that morning between eight and eight thirty o'clock, and at one time said between eight thirty and nine o'clock. As nearly as could be ascertained the accident took place between nine and nine thirty A. M. Thus the witness had traveled a distance of approximately forty miles in a period of about an hour. The action of the court in overruling the objections however did not injure the defendant, because there was no proof of fifty miles an hour, or any rate except at the time of collision, and this was given by the witness and his companion. If there was error it was without prejudice.

Another allegation of error is that the court overruled six objections in an inquiry regarding disposition of the car belonging to the defendant. The plaintiff inquired "What became of the car you drove on the 4th day of June, 1929?" and after objections and rulings the answer was: "Well it was taken to Minot and sold." Followed by

the question "Was it driven to Minot?" To which the witness answered: "No, it was hauled with a wrecker." There was no claim by either party that the defendant's car was wrecked in the collision. It is claimed this question and the answer would lead the jury to believe it was so wrecked; but the jury could not get any such impression. It was the defendant who inquired: "What caused the car to be hauled in a wrecker?" The witness stated that about eleven o'clock on the evening of that same day that car was in an accident. There was testimony by a witness for the plaintiff to the effect that there was some injury to the defendant's car at the time of the collision involved here, especially to the hub caps and the bumpers, the theory being a plate or casting had been knocked off and a ridge cut in a hub cap. As this car was not produced so the jury could see it, the plaintiff inquired where the car was and what became of it. It was the defendant who brought out about the accident at eleven o'clock at night. The record shows clearly that it was not this witness Braaten who was driving the car at the time it was wrecked. Hence the subsequent wreck could not have any bearing on the negligence of Braaten at the time of his collision, nor could it influence the jury; but the inquiry was legitimate. The plaintiff had the right to show why a thorough examination of that car could not be made a day or two after the accident. We cannot see wherein the action of the court prejudiced the defendant.

On the motion of the plaintiff the court struck out the testimony of one Handy, a witness for the defendant. This witness testified that in May, about a month before the accident, he had examined "all four hub caps" of the car belonging to the defendant and he described the condition in which they were at that time, showing they were made of soft metal and had injuries as if they had rubbed against curbing, etc. Evidently the defendant introduced this testimony because of the testimony offered by the plaintiff to the effect that at the time of the collision some of the hub caps on the defendant's car were injured and showed signs of immediate injury. The court struck out this testimony on the ground that it was incompetent, irrelevant and immaterial. However, there was no prejudicial error in doing this, even if erroneous, because this action was followed almost immediately by the examination of this same witness by the plaintiff. The plain-

tiff brought out the very same facts—that witness noticed damage in May, the character of the damage, and his opinion as to how it may have occurred. Thus the same testimony went to the jury and if there were injury it was cured.

In charging the jury the court said:

"Our laws provide that no person shall operate a motor vehicle on the public highways of this state at a rate of speed greater than is reasonable and proper, having regard to the width, condition and use of the highway at the time and the general and usual rules of the road, or so as to endanger property or the life or limbs of any person; and that on any street or highway outside the city limits of any incorporated city or village the rate of speed of any automobile must not at any time exceed thirty-five miles per hour.

"I charge you, therefore, that upon the public highways of this state outside the limits of any incorporated city or village that one who drives his automobile at a greater rate of speed than thirty-five miles per hour is guilty of negligence *per se,* that is, the act itself of exceeding thirty-five miles per hour is and constitutes negligence on the part of the driver or person operating said automobile if such act of traveling in excess of thirty-five miles per hour contributed to cause the accident.

"I charge you further that it is the duty of the driver of an automobile upon the public highways to use reasonable care and diligence in the driving of the same. The driver or operator of such automobile upon the public roads of this state shall be governed by the usual law of the road, by turning to the left when passing vehicles headed in the same direction and by turning to the right when meeting vehicles headed in an opposite direction."

And further charges:

"There is some evidence in the record to the effect that the plaintiff, Mollie Morstad, was at the time of the occurrence in question a guest or passenger in the automobile which it is claimed was driven by said Olaf Morstad, and I charge you that where a passenger or guest is riding with another in an automobile and such person has no control over the vehicle and does not in any manner manage or control the same, that such person cannot be guilty of contributory negligence even though it is found that the driver of the automobile

in which such party was riding was at the time of the occurrence guilty of negligence in the driving and management of such automobile.

"And so I charge you that the fact that the plaintiff, Mollie Morstad, was at the time of the collision a passenger or guest in an automobile driven by her husband that the negligence of her husband in driving such automobile, if there was any negligence on his part, cannot be imputed to the plaintiff, Mollie Morstad, and if under such circumstances the driver of such automobile was guilty of contributory negligence, if you should find it existed, that cannot defeat a recovery by the plaintiff, Mollie Morstad, provided the negligence of the defendant, Kopald Electric Company, if any, combined with the negligence of her husband at the time, if there was such negligence, caused the injury to said plaintiff. But if you find that the negligence of her husband at the time of the occurrence was the sole cause of the accident you must find for the defendant."

There were two actions brought against the defendant—one by the husband and this one by the wife. These cases were tried together, but separate verdicts rendered, and apparently two separate charges given, as the court begins the charge by saying: "I will now instruct you with reference to the above entitled case of Mollie Morstad versus Kopald Electric Company, a corporation, and these instructions are applicable to such case and shall be considered by you in determining said case" and makes no reference whatever to the action brought by the husband.

In this case the defendant attempted to prove that the accident was caused by the negligence of the husband; that there was a ridge of loose gravel in the center of the highway and that the husband was driving with the car wheels on each side of this ridge; that when the driver of defendant's car sounded his horn the husband swerved his car to the left and then to the right into the ditch, without any impact from defendant's car. The defendant also offered proof tending to show the husband was under the influence of intoxicating liquor at the time he was driving. The plaintiff contended that the driver of defendant's car was operating it at an excessive rate of speed, and carelessly and negligently struck the car in an attempt to pass. It became necessary therefore for the court to charge in regard to the law of the road. In doing this he stated what rate of speed is permissible. The

court also stated the requirements regarding careful handling of a car. All this was part of the law of the road and was applicable to both sides. It did not single out the defendant any more than the plaintiff. Neither the driver of the defendant's car, nor the young man traveling with him, was able to tell the speed of defendant's car immediately before the accident. Defendant complains of these portions of the charge alleging, "There is absolutely no testimony in the record to show at what speed the defendant was driving at the time plaintiff's car overturned, and second, because it does not limit the application of the law to the time when it is claimed that defendant's car collided with the car in which the plaintiff was riding." This charge could not be harmful if there were no testimony whatever as to the rate of speed. The court did in effect, limit the rate to the time of the accident for the charge says that if the driver of the automobile was going at a greater rate of speed than thirty-five miles per hour he was "guilty of negligence *per se,* that is the act itself of exceeding thirty-five miles per hour is and constitutes negligence on the part of the driver or person operating said automobile *if such act of traveling in excess of thirty-five* miles per hour contributed to causing the accident." This statement eliminated the objection of the defendant as to the rate beforehand because it clearly shows that the only rate of speed to be considered is the rate of speed at the time of the accident.

It is said the pleadings do not raise the issue of contributory negligence on the part of the plaintiff in this case, and therefore it was error for the court to charge on contributory negligence and that, "the instructions of the court must be restricted to the issues made by the pleadings and to the evidence." It is true the answer does not charge the plaintiff with contributory negligence. We do not have the pleadings in the case brought by the husband and therefore we do not know whether contributory negligence is charged there. But the jury found against him, yet found for this plaintiff. Hence it is possible the difference in finding is caused by the jury finding contributory negligence on the part of the husband, for he was injured and his car wrecked.

The testimony introduced by the defendant in this case tended to prove, first, that the accident was caused solely by the negligence of the husband, and second, that even if the attempt by the driver of defendant's car to pass the other car was made in a negligent manner

so as to cause an accident under all of the circumstances of the case, nevertheless the action of the plaintiff's husband so contributed to the accident that the accident would not have occurred had it not been for this contributory negligence on the part of the husband. The defendant does not urge contributory negligence in the brief; but in the charge to the jury the court said that the plaintiff could not recover from the defendant unless she showed by the preponderance of the evidence that the accident was caused by the negligence of defendant's agent in driving the car; and that if the jury found "that the negligence of her husband at the time of the collision was the sole cause of the accident you must find for the defendant." The court charged that if the agent of the defendant was guilty of negligence, but at the same time the negligence of the husband contributed to this accident so that the husband was guilty of contributory negligence such contributory negligence on the part of the husband did not bar recovery on the part of the wife. The court is discussing the contributory negligence of the husband and charges that this can not be considered contributory negligence on the part of the wife. This was correct seeing no one suggested any contributory negligence on the part of the plaintiff. See Bolton v. Wells, 58 N. D. 286, 225 N. W. 791; Billingsley v. McCormick Transfer Co. 58 N. D. 921, 228 N. W. 427. It was proper for the court to show the possibility of the husband being barred because of his own contributory negligence, even though the driver of the defendant's car actually caused the accident, and yet that the wife could recover. We find no error shown in this charge.

This disposes of all of the specifications of error and the order and the judgment are affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.