[File No. 5933.]

ESTHER BILLINGSLEY, a Minor, by N. Billingsley, Her Guardian ad Litem, Respondent, v. McCORMICK TRANSFER COMPANY and Sam More, Appellants.

(237 N. W. 714.)

Opinion filed July 14, 1931.

*Conmy, Young & Conmy,* for appellants.

*Devaney & Edwards* and *Shure & Murphy,* for respondent.

Birdzell, J. This is an appeal from a judgment in favor of the plaintiff which was entered upon the verdict of the jury in a second trial of the action. The action is predicated upon negligence of the defendants in stopping a temporarily disabled moving van upon a main traveled highway in the nighttime without a tail-light burning to warn approaching automobiles, which negligence is alleged to have caused the plaintiff's injuries sustained in a collision between the van and a car in which she was riding as a passenger on the evening of June 3, 1928. Both the instant case and the companion case in which the owner of the car, a brother of the plaintiff, sought to recover damages, were once before appealed to this court. Billingsley v. McCormick Transfer Co. 58 N. D. 921, 228 N. W. 427, id. 58 N. D. 913, 228 N. W. 424. For purposes of the instant appeal, it is unnecessary to state the facts in detail. Full statements will be found in the opinions disposing of the former appeals. Suffice it to say here that the action of Mike Billingsley, the owner of the car in which the plaintiff was riding as a passenger, to recover damages was dismissed on account of contributory negligence in the driving of the car, and the first judgment in favor of the plaintiff in the instant case was reversed on account of errors committed at the trial. The evidence upon the second trial was largely taken from the transcript of the former trial and is supplemented by some additional testimony. Briefly, it shows that the plaintiff was riding with two of her brothers and a cousin in a practically new Ford coupe. They were going west on U. S. Highway No. 10 and when they were about two miles east of Tappen they collided with the defendants' moving van which was temporarily parked on the extreme right-hand side of the road. The driver of the truck had stopped on account of magneto trouble and had been there for about three quarters of an hour. The collision occurred between ten and eleven o'clock at night, and there was evidence that the tail-light was not burning at the time. This was disputed. There was evidence of negligence in the driving of the Ford car. This was so conclusive as to preclude recovery by the owner of the car.

It is first contended that the negligence of the driver of the car was

the proximate cause of the plaintiff's injuries. In view of the verdict of the jury and of the conflicting evidence as to whether or not there was a tail-light burning on the defendants' truck, it is conceded for purposes of this appeal that the defendants were negligent in this respect. But it is said that this was negligence which resulted merely in creating a condition that would not have brought injury to the plaintiff but for the negligence of the driver of the car; that, consequently, the negligence of the driver must be considered to have been the proximate cause; that "it was an intervening and efficient cause" without which the collision would not have occurred. It is argued that the negligence of the defendants was so remote as not to have been in law a proximate cause of the accident.

When the appeals of Mike Billingsley and of the present plaintiff were before this court it was held that, while the contributory negligence of Mike Billingsley, as a matter of law, precluded a recovery by him (58 N. D. 921, 929, 228 N. W. 427, 430), "the question of his negligence as the proximate cause of the collision is a question of fact." This is the law of the case. In submitting this case to the jury, the court said:

"If you find from a fair preponderance of the evidence in this case that the car in which plaintiff was riding collided with the truck owned by the McCormick Transfer Company, and operated by defendant, Sam More, by reason of the carelessness or negligence of the defendant, and that such negligence was the proximate cause of said collision, and there was no contributory negligence on the part of the plaintiff, then the defendants are liable, and your verdict should be for the plaintiff.

"If you do not find from the evidence that the proximate cause of the collision was the carelessness or negligence of the defendant Sam More, but that the proximate cause of the collision was the carelessness or negligence of either the owner or the driver of the Ford coupe wherein plaintiff was riding, then plaintiff cannot recover in this action, and your verdict should be for the defendants.

"The physical facts in this case are such that no conclusion can be reached but that of carelessness, heedlessness and negligence on the part of the driver of the coupe in which the plaintiff was riding. If the driver of the Ford coupe had been keeping a lookout, as was his

duty, and had not traveled at an excessive speed, he would have seen defendants' truck in ample time to have avoided it, and passed it on the road. If you find that the driver's negligence in this respect was the proximate cause of the accident then your verdict must be for the defendants."

The court had previously defined proximate cause as being a cause which operates to produce the particular consequences without the intervention of any independent or unforeseen acts or events without which the injury could not have occurred from the alleged negligent act. It was pointed out in the former appeal from the judgment in favor of the present plaintiff that the trial court had erred in declining to give an instruction specifically directed to the duty of the owner of the Ford coupe to have the car properly equipped with lights, and it was said that had such requested instruction been given "it would have had a bearing upon whether the collision was caused by the negligence of Mike, and if it were so caused, then Esther could not recover." Upon the retrial of this case such an instruction was given, so the jury was fully charged as to the duty of Mike Billingsley in equipping and handling the car in which the plaintiff was riding, and they were correctly instructed as to what constitutes proximate cause within the law of negligence. In fact the instruction upon this feature of the case adheres so closely to the law of the case as laid down on the former appeal that there seems to be no room for criticism in this respect. Neither is there any new evidence in the record in the instant case that would warrant any departure from the law as expressed in the former appeal. Since upon the former appeal, then, it was held that the question of proximate cause was one of fact to be determined by the jury, and since this is the law of the case, we would not be warranted upon the instant appeal, under facts substantially identical, in holding, as a matter of law, that the proximate cause of the plaintiff's injuries was the negligence of the owner of the car in which she was riding. See Schmidt v. Beiseker, 19 N. D. 35, 120 N. W. 1096; Booren v. McWilliams, 34 N. D. 74, 157 N. W. 698; Wittmayer v. Security State Bank, 57 N. D. 934, 224 N. W. 303.

It is next argued that the plaintiff was herself guilty of contributory negligence as a matter of law. It is conceded that while she as a passenger was not under any absolute duty to keep a lookout ahead, never-

theless having testified that she did keep a lookout and did not see the truck she was negligent just as Mike Billingsley and the driver were negligent and that such negligence bars recovery by her as well as by them. We fail to see wherein the facts as testified to by the plaintiff concerning her observations in any way contributed to her injuries. It is not apparent that either the driver, or the owner of the car, was placing any reliance upon her observations, or that had she discovered the truck as soon as it became visible she would have been able to have warned the driver in time to have avoided the accident. On the former appeal from the judgment in her favor we held that the negligence of the driver was not imputed to her and upon the retrial of the action the jury was instructed as to the legal effect of contributory negligence as precluding a recovery.

The remaining errors assigned on this appeal deal with the refusal of the court to give certain requested instructions and with instructions given by the court. The first requested instruction which was declined was to the effect that, if the plaintiff could have seen the truck in time to warn her brother so that he could have avoided the accident, then her negligence being a proximate cause of the accident would preclude recovery. The jury was fully instructed upon the subject of contributory negligence and it was told that if there was negligence on the part of the owner of the car or on the part of the driver for which she was partially responsible, or if there was contributory negligence on her part accentuating the contributory negligence of the owner or driver, she could not recover. Attention was also specifically directed to the fact that there were three other persons occupying the car and that it was for the jury to determine whether the plaintiff was negligent because of this fact and that, if such negligence contributed to cause the accident, she could not recover. We think the subject of contributory negligence was amply covered in the charge given and hence there was no error in refusing the requested instruction. The same may be said of the second request which was for a more specific charge as to the plaintiff's position in the car as affecting the lookout.

Error is predicated upon refusing to give a requested instruction concerning the statutory duty to have the Ford car equipped with lights of stated effectiveness. The record shows that the applicable portion of the statute was read to the jury and they were specifically told that

it was the duty of the owner of the Ford car to have it equipped with proper headlights. Hence, there is no merit in this contention. True, the court did not instruct that such an act of negligence on the part of the owner or driver of the Ford, if it proximately caused the accident, would preclude recovery by the plaintiff, but, as hereinbefore indicated, the court did instruct the jury generally that if the negligence of the owner of the car proximately caused the accident the plaintiff could not recover, and it was not required to repeat such instruction in connection with each charge warranting a finding of negligence on the part of the owner or driver of the car.

The remaining requests for instructions which were refused deal with the circumstances in which the defendants may be held liable for negligence on account of the manner in which the truck was parked and the absence of a tail-light. Under the charge given the verdict must necessarily rest on as narrow a ground as it could have rested had the requested instructions been given. The jury was informed of the right of the defendants to have their truck temporarily parked upon the highway in the circumstances shown to have existed and attention was directed to the specific act of negligence complained of. There is consequently no merit in this assignment. The defendants, however, complain that in that portion of the charge where the court stated the defendants' right to stop the car temporarily upon the highway, it left it to the jury to say whether it was negligent in so doing even though the car might have been equipped with proper lights. The court did say that they were not permitted to leave it in such place or in such condition as to expose those who might travel on the highway to danger. While the particular charge might possibly have been phrased in clearer language, we think when read as a whole the only danger referred to was a danger incident to the car being so parked without lights.

There is a further contention that the jury should have been specifically charged, particularly in view of what was said by this court upon the former appeals, that the defendants would not be liable unless their negligence were the *sole* proximate cause of the injuries. Nothing was said in either of the former opinions which would exonerate the defendants from liability to the present plaintiff if the defendants' negligence continued down to the time of the accident as a proximate cause of the accident and if the plaintiff was herself not guilty of contributory

negligence. The fact that the negligence of another concurred with the negligence of the defendants in causing the accident would not preclude recovery. The ordinary rule of the law of negligence applies. "As a general rule," says Corpus Juris, "it may be said that negligence, to render a person liable, need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury. So that where several causes combine to produce injuries, a person is not relieved from liability because he is responsible for only one of them, it being sufficient that his negligence is an efficient cause, without which the injury would not have resulted, to as great an extent, and that such other cause is not attributable to the person injured. But it must appear that the person sought to be charged was responsible for one of the causes which resulted in the injury. . . ." 45 C. J. 920. Or, as stated in Blashfield's Cyclopedia of Automobile Law, Annotated, pp. 1204, 1205: "There may be more than one proximate cause for the same injury, and the mere fact that some other cause co-operates with the negligence of the defendant to produce the injury for which suit is brought does not relieve him from liability, . . . if the negligence of defendant is one of the proximate causes of the injury of which plaintiff complains, he cannot escape liability by showing that the negligence of a third person also contributed to the injury, and that the accident would not have happened, but for such negligence of the third person.

"The test of liability in cases of concurring negligence, as in all other actions for negligence, is the true answer to the questions: Was the injury sued for the natural and probable consequence of the act on which the action is based? Was it reasonably to be anticipated from that act? If it was, the action may be maintained, although the negligence of another concurred to produce the injury." See also 1 Berry, Auto. 6th ed. §§ 238, 239.

Specific application of these principles may be found in the late case of Chambers v. Cox, 222 Ala. 1, 130 So. 416, where the facts are strikingly parallel with those of the instant case. There the plaintiff, a passenger in an approaching automobile, was injured in a collision between such automobile and a bus operated by the defendant, which bus had been stopped on the highway on account of a punctured tire.

It was contended there, as here, that the defendant was exonerated by reason of the negligence of the driver of the car in which the plaintiff was riding, but the court held to the contrary and applied the rule of concurring negligence. See also Holmberg v. Villaume, 158 Minn. 442, 197 N. W. 849.

The principal authority relied upon by the appellant in the instant appeal in support of the contention that the negligence of the defendants is not concurrent with Billingsley's is that of Davis v. Schroeder, (C. C. A. 8th) 291 Fed. 47. In that case the negligence of the defendant in leaving down a gate or barrier at a railroad crossing was considered to be so remote as not to be concurring negligence with that of the driver of a car who after striking the gate at a grossly excessive and illegal rate of speed went three hundred feet or farther before colliding with the plaintiff's car. We are of the opinion that the difference in facts distinguishes that case from this. Under the facts in the instant case we are of the opinion that the defendants may be answerable for the plaintiff's injuries, though their negligence be not the sole but a concurring cause within the principle above stated. Upon the former appeals it was indicated that the defendants would not be liable if the negligence of Mike Billingsley were the sole or proximate cause of the accident, but we find no expression which would exonerate the defendants if it were but a concurring cause. This case upon the second trial was submitted upon as favorable a ground as the defendants could ask when the jury was permitted to say whether or not the negligence of Mike Billingsley was the proximate cause of the accident and charged, if it found affirmatively, to return a verdict for the defendants.

Finding no prejudicial error in the record, it follows that the judgment appealed from must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE, and BURR, JJ., concur.