[File No. 6328.]

BERNICE BAGAN, by Mary A. Bagan, Her Guardian ad Litem, Respondent, v. FRITZ BITTERMAN, Jake Bitterman and Philip Rivinius, Partners, Doing Business as Streeter Garage, Appellants.

(259 N. W. 268.)

Opinion filed February 20, 1935.   Rehearing denied March 13, 1935.

*Knauf & Knauf,* for appellants.

*J. A. Coffey,* for respondent.

BURR, J. This is a companion case to that of Emmett Bagan v. Bitterman, ante, 423, 259 N. W. 266. The plaintiff was in the same accident and a victim of the collision.

Judgment for $1,583 was rendered against all the defendants and they appeal.

There is no question as to the extent of plaintiff's injuries. We need not review the evidence on this feature—little if any objection being taken to the amount. It is true one point stated as ground for the new trial is that the verdict is excessive; but little argument is made on this point. So far as the amount of the judgment is concerned it must be considered reasonable.

The right of this plaintiff to recover is based upon the negligence of the defendants. The salient facts are set forth in the Emmett Bagan case. The question of the time, place and manner of leaving the truck on the highway was presented to the jury in all its details. There is a sharp conflict in the testimony as to the location of· the truck but the jury found in favor of the version given by the plaintiff. The question of the defendants' negligence was fairly submitted to the jury and the jury found against the defendants. We must therefore assume that Fred Bitterman at least was guilty of negligence in leaving the truck where and when he did.

Defendants claim plaintiff was guilty of contributory negligence "in riding within a car with poor lights, or at a rate of speed so they could not stop within the time of seeing the truck and hitting it and in not keeping a watchout for trucks on the highway."

The testimony shows the lights in the car were good, and sent rays

forward 200 feet. The brakes were in good working order. There is testimony that her brother was driving at a rate of 25 miles per hour. From the physical facts in this case we held he was guilty of contributory negligence; but this negligence is not necessarily attributable to the passenger. It is true she testified she was keeping a lookout—that is, she was watching the road—but there is nothing to indicate she was doing anything more than any other passenger in a car would ordinarily do.

The answers filed allege, in substance, that the accident was caused by the negligence of Emmett Bagan, with whom the plaintiff "was riding in said automobile, in a common cause, object, and joint enterprise, namely, the going from a pleasure party to their home, said auto being then operated for the use, pleasure and convenience of both jointly, and that said Emmett Bagan so negligently operated and drove said automobile as to create the accident which was the proximate cause of any and all injury and damage. . . ."

The court in its charge to the jury defined "negligence," "proximate cause" and "contributory negligence." There was no request for instructions refused and no exceptions have been taken to the charge or any portion thereof. The case was tried to the same jury and submitted at the same time as the Emmett Bagan case. Separate verdicts were rendered and the jury found from the evidence in favor of Emmett Bagan as well as in favor of this plaintiff. To do this the jury must have found that the accident was not caused by the negligence of Emmett Bagan; that it was caused by the negligence of the defendant Fritz Bitterman. It is true the jury found also that Emmett Bagan was not guilty of contributory negligence. The jury must have done so in order to find for Emmett Bagan because the charge is explicit that if Emmett Bagan is guilty of contributory negligence he could not recover, or if the accident was caused by his own negligence. Thus the jury found the accident was not caused by the negligence of Emmett Bagan. It is true the jury should have found contributory negligence on his part which barred his recovery. (See Companion case.) In effect the court charged that this plaintiff could not recover if the accident was caused by the negligence of Emmett Bagan, nor if contributory negligence of Emmett Bagan was attributable to her. There was no request shown for more detailed instructions. Thus the case at bar

is not a case where the accident was caused by the negligence of Emmett Bagan; but rather by the negligence of the defendant Fritz Bitterman. Neither is it shown that any contributory negligence of Emmett Bagan should be attributed to this plaintiff. In such case the acts of Emmett Bagan did not bar this plaintiff from recovery from Fritz Bitterman. The only bar in such case would be her own contributory negligence. The question of her contributory negligence was submitted to the jury and the jury found in her favor on that issue. Plaintiff testified she did not see the truck until within ten or fifteen feet of it, and almost simultaneously with the time her brother saw it; *but there is nothing to show contributory negligence on the part of this plaintiff.* She was a mere guest of her brother, a passenger; she had no control over the car or right to direct the car and thus the negligence of the driver was not attributable to her so as to prevent recovery for injuries received in a collision with the truck negligently parked by the defendants. See Billingsley v. McCormick Transfer Co. 58 N. D. 921, 228 N. W. 427.

In the assignment of errors we find many objections to the rulings of the court in the introduction of testimony. We have examined these and find no reversible error therein has been shown.

Judgment was rendered against each of the co-partners. The liability of general partners for each other's acts is defined by the chapter of the Civil Code dealing with agency. Comp. Laws, § 6411. Under § 6356 of the Compiled Laws "a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business;" but is not responsible for any other wrongs "unless he had authorized or ratified them." Section 6357 of the Code. In Teague v. Martin, 228 Mass. 458, 117 N. E. 844, the rule is laid down that one partner is not liable for an injury resulting from the negligence of the other partner in using a truck belonging to the partnership when this other partner used the truck in his own personal business, in no way connected with the business of the firm, even though while so engaged there was a collision with a car driven by another. In fact it is intimated that even if the partners permitted the other person to use the truck for his own private business or pleasure they would not be responsible for his negligence. The note to Fisher v. Fletcher, 191 Ind. 529, 133 N. E. 834, 22 A.L.R.

1392, deals quite fully with the question of the liability of the owner of the truck.

Before partners may be held liable for a tortious act of a co-partner it is essential that the act shall be performed in the line of the co-partnership business. If the injury results from an act committed outside of the common business, not authorized by the partners, then the partner doing the act causing the injury is alone responsible. He is responsible as an individual and not because he is a partner. 20 R. C. L. 914. A firm is not liable for the negligent tort of a co-partner outside of the scope of his authority. 22 Am. & Eng. Enc. Law, 168. See note to 51 L.R.A. 471. The owner of an automobile is not answerable for injuries inflicted by it, when the person in charge was not using it in the course of his employment and in the owner's business. Lotz v. Hanlon, 217 Pa. 339, 66 A. 525, 10 L.R.A.(N.S.) 202, 118 Am. St. Rep. 922, 10 Ann. Cas. 731. See also Mullia v. YePlanry Bldg. Co. 32 Cal. App. 6, 161 P. 1008.

The uncontradicted evidence shows Jake Bitterman and Philip Rivinius were not in the truck on this trip; knew nothing about its use for this trip, and did not give permission for it to be so used. It is true the plaintiff makes a strenuous attempt to show a probability that the hogs transported might have belonged to the partnership; that the partnership permitted each partner to use the truck in his private business; and that the proceeds of the sale of the hogs went into the partnership business or was partnership property—in other words that Fred Bitterman was on partnership business on this trip—but the evidence does not bear this out. There was insufficient evidence along that line to take to the jury the question of the responsibility of the other partners. It follows, therefore, that the judgment is affirmed as against Fred Bitterman, but reversed as to Jake Bitterman and Philip Rivinius. As to them the case is dismissed.

BURKE, Ch. J., and CHRISTIANSON, MORRIS and NUESSLE, JJ., concur.